■ KIM DILLON, Appellant, v CESAR A. PERALES, as Commis-

sioner of Social Services of the State of New York, et al., Respondents.—Leave to appeal from order, Supreme Court, New York County (Eugene Nardelli, J.), entered August 24, 1990, which, insofar as appealed from denied petitioner's request for attorneys' fees pursuant to 42 USC § 1988, is *sua sponte* granted and said order is unanimously affirmed, without costs.

After a hearing, respondents determined to withhold Home Relief benefits from petitioner for three months as a sanction for her willful failure to keep an appointment with respondents' employment office. The IAS court annulled this determination, and ordered a new hearing because, *inter alia,* the Hearing Officer refused to grant petitioner an adjournment to submit documentation in support of her assertion that she was sick on the day of the appointment, which papers she had been advised to present in the hearing notice.

Petitioner contends that the Hearing Officer's conduct deprived her of due process in violation of US Constitution Fourteenth Amendment, and that she therefore has a cause of action under 42 USC § 1983 and a consequent right to attorneys' fees under 42 USC § 1988. We disagree. The deprivation of rights upon which liability under section 1983 is predicated must derive from a policy or custom of the person acting under color of any statute, ordinance, regulation, custom or usage of the State *(Simpson v New York City Tr. Auth.,* 112 AD2d 89, 91, *affd* 66 NY2d 1010). Proof of a single incident of objectionable conduct by a municipality is insufficient to establish the existence of policy or custom for section 1983 purposes *(supra).* Although in certain circumstances it is a due process violation not to adjourn a hearing when necessary in order for a party to present relevant evidence *(Matter of Brown v Popolizio,* 166 AD2d 44), in order to amount to a 42 USC § 1983 claim, the violation must be shown to result from an official State policy or custom *(Batista v Rodriguez,* 702 F2d 393, 397). The injured party must also show that there is no adequate State law remedy *(Hudson v Palmer,* 468 US 517). Neither prerequisite has been met here. Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Kassal, JJ.