■ First Nationwide Bank, Inc., Respondent, v Ari Felberman et al., Defendants, and Leah Felberman, Appellant. [657 NYS2d 431] —In an action to foreclose a mortgage, the defendant Leah Felberman appeals from an order of the Supreme Court, Rockland County (Meehan, J.), entered January 17, 1996, which denied her motion to set aside a foreclosure sale. By decision and order dated February 3, 1997 *(see, First Nationwide Bank v Felberman,* 236 AD2d 361), this Court affirmed the order and counsel for the respective parties were directed to submit affirmations to this Court on the issue of the imposition of appropriate sanctions, if any, pursuant to 22 NYCRR 130-1.1 (c), against the appellant and/or her attorney for their conduct.

Upon the affirmations submitted to this Court on the issue of sanctions, it is

Ordered that, within 20 days after service upon her of a copy of this decision and order with notice of entry, the appellant Leah Felberman is directed to personally pay a sanction in the sum of $500 to the clerk of this Court for transmittal to the Commissioner of Taxation and Finance for her frivolous conduct in prosecuting the instant appeal; and it is further,

Ordered that, within 20 days after service upon him of a copy of this decision and order with notice of entry, the attorney for the appellant is directed to personally pay a sanction in the sum of $2,500 to the Lawyers' Fund for Client Protection of the State of New York for his frivolous conduct in prosecuting the instant appeal; and it is further,

Ordered that the Clerk of the Supreme Court, Rockland County, shall enter judgment accordingly (see, 22 NYCRR 130-1.2).

The defendants Leah and Ari Felberman defaulted on their mortgage payments in 1991 and the plaintiff subsequently commenced this mortgage foreclosure action. A judgment of foreclosure and sale was entered on November 4, 1992. On three separate occasions, the scheduled sale of the property was stayed by Mr. Felberman's filing of a bankruptcy petition in the United States Bankruptcy Court the day before the sale. Ultimately, the Bankruptcy Court issued an order precluding an automatic stay in the event that Mr. Felberman, or any other person with an interest in the property, filed new bankruptcy petitions.

On the eve of the next scheduled sale, Mrs. Felberman filed a bankruptcy petition. The plaintiff cancelled the foreclosure sale and rescheduled the sale for some two months later. During the interim, Mrs. Felberman sought no relief in the Bankruptcy Court. The sale was finally conducted and the plaintiff purchased the property. Mrs. Felberman, represented by the same attorney who had represented her husband, then made a motion in the United States Bankruptcy Court to vacate the foreclosure sale, alleging, inter alia, that it was conducted in violation of the automatic bankruptcy stay. After a hearing, the court denied the motion.

Mrs. Felberman did not appeal from the order of the United States Bankruptcy Court, but rather, made a motion in the Supreme Court, Rockland County, for the same relief, reiterating the arguments made to the Bankruptcy Court and making additional equally frivolous arguments. After her motion was denied, this completely meritless appeal followed.

The conduct of the appellant and her attorney was both "completely without merit in law or fact" (22 NYCRR 130-1.1

[c] [1]) and "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]). Consequently, sanctions are warranted *(see, SRF Bldrs. Capital Corp. v Ventura,* 229 AD2d 431). Rosenblatt, J. P., Altman, Goldstein and McGinity, JJ., concur.