OPINION OF THE COURT
Franklin R. Weissberg, J.
*279 The plaintiffs have moved, pursuant to CPLR 3211 (a) (7), to dismiss the six counterclaims and two cross claims raised by the defendant Phillip D. Miller in his answer. They also seek attorney’s fees, costs and sanctions against Mr. Miller.
This is an action seeking damages for attorney misconduct. The two plaintiffs are limited partnerships. In December 1990, they each brought an action against defendant Wilfred George Gooden in which they alleged that Mr. Gooden had breached his fiduciary duties as a general partner by unlawfully converting partnership funds to his personal use. In both cases, the jury found in the plaintiffs’ favor and, on October 2, 1996, money judgments were entered against Mr. Gooden in the amount of $1,823,244.96.
Mr. Gooden was represented in those cases by Fred L. Wallace, Jeff L. Greenup and Mr. Miller. In the present action, the plaintiffs allege that these three attorneys were paid $600,000 in counsel fees from unlawfully converted partnership funds and that they accepted these payments despite knowing the improper source of the funds. The plaintiffs seek, inter alia, treble damages pursuant to Judiciary Law § 487 for attorney misconduct and compensatory damages.
Defendants Gooden, Wallace and Greenup have served answers denying the allegations of the complaint. Mr. Miller has served an amended answer which includes six counterclaims and two claims which are denominated as "cross claims”.
The first counterclaim asserts that the two plaintiffs, along with two officers of the partnerships and two State Supreme Court Justices (Hon. Walter Tolub and Hon. Jane Solomon), violated 42 USC § 1983 by conspiring during the previous litigation to deny him his right as a lawyer to properly represent his client Mr. Gooden. The second counterclaim raises identical allegations and asserts that these same parties violated the Fifth and Fourteenth Amendments to the United States Constitution by the above-alleged conduct. These two claims are utterly frivolous and must be dismissed. The two partnerships and the two officers of the partnerships are private entities and persons. They cannot be alleged to have acted under color of State law and are therefore not subject to a section 1983 action. (See, Dillon v Perales, 181 AD2d 619, 620 [1st Dept 1992].) Moreover, the two officers are not parties to this proceeding and may not therefore be the subjects of a counterclaim herein. The two State Supreme Court Justices, neither of whom is a party to this proceeding, have absolute judicial immunity from *280 a section 1983 action for money damages. (See, Blouin v Dembitz, 489 F2d 488, 491 [2d Cir 1973].) Mr. Miller’s argument, made in response to this motion to dismiss, that he is not seeking money damages but only injunctive and declaratory relief is patently absurd in view of the fact that he is complaining about judicial acts allegedly committed in two cases in which final judgments were entered almost one year ago. Finally, Mr. Miller’s claim that he has a constitutional right to properly represent Mr. Gooden and that this right was violated by the courts’ procedural rulings against his client is without any basis in law. It is an utterly frivolous contention.
In his third counterclaim, Mr. Miller alleges that the two plaintiffs and two of their officers perpetrated a fraud on Mr. Gooden. However, Mr. Miller is a defendant appearing pro se in this action and any counterclaim he asserts must be limited to injuries which he suffered. His counterclaim alleging injury to Mr. Gooden fails to state a cause of action. His fourth counterclaim alleges that the two plaintiffs and two of their officers committed tax fraud. Mr. Miller does not have a private cause of action for the enforcement of the tax laws and this counterclaim must therefore be dismissed. Mr. Miller’s fifth counterclaim alleges that these same four entities and persons breached a contract with Mr. Gooden. This counterclaim must be dismissed since, as noted with respect to the third counterclaim, Mr. Miller may not assert a counterclaim for an injury which he did not suffer. The sixth counterclaim alleges that these same four persons and entities, along with plaintiffs’ counsel, committed an abuse of process. Mr. Miller does not, however, explain in what way an abuse of process was committed. He does not even allege the elements of an abuse of process claim. The sixth counterclaim therefore fails to state a cause of action. (See, Curiano v Suozzi, 63 NY2d 113, 116 [1984].)
As to the two cross claims, they are not asserted against any of the parties to this proceeding, much less Mr. Miller’s codefendants, and may not therefore lie. In any event, they are similar to two of the counterclaims in alleging a violation of 42 USC § 1983 and abuse of process. As with the two similar counterclaims, they are utterly frivolous and must be dismissed.
Part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR) provides that costs may be awarded and financial sanctions imposed upon any party or attorney who engages in frivolous conduct, which is defined as conduct that *281 is "completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law”. (22 NYCRR 130-1.1 [c] [1].) Mr. Miller, appearing pro se, is an attorney. Each of his six counterclaims and two cross claims are entirely frivolous. In asserting these claims, he displayed an utter disregard for or knowledge of the most rudimentary principles of procedural and substantive law. When the deficiencies of his pleadings were brought to his attention by way of this motion to dismiss, he egregiously persisted in asserting his claims. His response to the plaintiffs’ argument about judicial immunity was frivolous and mendacious. He has wasted the time of both the court and the plaintiffs’ counsel, and has insulted the intelligence of the court.
Accordingly, I find that the maximum permitted sanctions against Mr. Miller are warranted. He is directed to personally pay, within 20 days after service upon him of a copy of this decision and order, a sanction in the sum of $10,000 to the Lawyers’ Fund for Client Protection of the State of New York for his frivolous conduct. (See, First Nationwide Bank v Felberman, 239 AD2d 385 [2d Dept 1997].) In addition, Mr. Miller shall pay to the plaintiffs all costs which they incurred in bringing this motion to dismiss, including reasonable attorney’s fees. Plaintiffs’ attorney shall submit an affidavit setting forth with specificity the costs and legal fees incurred in connection with this motion. Defendant Miller shall have 10 days after service thereof to respond.