## (March 21, 1961)

■ JOHNSON HINTON, Respondent-Appellant, v. CITY OF NEW YORK, Appellant-Respondent, et al., Defendants.

CROSS APPEALS from a judgment of the Supreme Court in favor of plaintiff entered May 13, 1960, in New York County, upon a verdict rendered at a Trial Term. Defendant, City of New York, appeals from that part of said judgment which granted judgment in favor of plaintiff for a certain amount of money on the first cause of action. Plaintiff appeals from that part of said judgment in favor of defendant city on the second, third and fourth causes of action.

MEMORANDUM BY THE COURT. Judgment in favor of plaintiff on the first cause of action and in favor of defendant City of New York on the second, third and fourth causes of action, affirmed, without costs to either party. Upon the trial of the action the jury rendered a verdict for $75,000 in favor of plaintiff on the first cause of action, which alleged personal injuries resulting from excessive force used by police officers in the course of arresting plaintiff on the street. It is not disputed that plaintiff was struck by one or more members of the Police Department, in the course of arrest. Plaintiff contends that the force used was excessive. Defendant contends that only sufficient force was used in the circumstances to effectuate arrest. There is disagreement as to how many policemen hit plaintiff, and the number of times he was hit. From the verdict, the jury apparently chose to believe plaintiff's version of the facts. There was sufficient credible evidence to support plaintiff's version, and the jury's verdict, that the severity of the force used was inordinate in relation to the force necessary to effect arrest. The severity of the brain damage and other injuries plaintiff suffered are consistent with a finding that he was subjected to excessive force. In view of the conflicting evidence, it was for the jury to determine whether the police involved exceeded permissible bounds in effectuating plaintiff's arrest. Likewise, in respect of plaintiff's appeal from the judgment in favor of the City of New York upon the second, third and fourth causes of action, these causes also involved disputed issues of fact which were properly submitted to the jury on instructions to which no exception was taken.

STEUER, J. (dissenting). Plaintiff sues on four causes of action. The first is based on assault alleged to have occurred on 125th Street, the second on an assault alleged to have occurred in a precinct police station, the third for false arrest and the fourth for malicious prosecution. After trial the jury rendered a verdict for the plaintiff for $75,000 on the first cause of action and for the defendant city on the remaining causes of action. The city appeals from the judgment against it on the ground that the verdict is against the weight of evidence and that it is excessive. Plaintiff appeals from so much of the verdict as found against him on the last three causes of action.

The plaintiff's version of the facts to support the first cause of action is in broad outline as follows: At about 10 o'clock in the evening of April 26, 1957, he was on 125th Street near the corner of Lenox Avenue, talking to a friend. A man dragging a woman by the hand passed them. This couple were engaged in a loud argument, and the attention of people on the street, including plaintiff, was drawn to them. They crossed Lenox Avenue and plaintiff saw them stop. A few minutes later he and his friend walked towards them to see what was happening. About 15 people had gathered around them and, when plaintiff arrived, he saw that two policemen were beating the man unmercifully. He remonstrated with them. No one else in this small crowd said anything. Shortly thereafter, police cars began to arrive from all directions and people attracted

by them came to the scene, so that the crowd now numbered about 50. After the police had subdued the man, whose name he later learned was Poe, they directed the crowd to disperse. Plaintiff was proceeding slowly from the scene, at the same time looking for his friend from whom he had evidently become detached. Suddenly a police officer caught him by the shoulder, swung him around and hit him several times with his night stick. He was arrested and taken to the station house.

This narration, which is implausible in many details, was further weakened by his equivocal testimony when confronted with contradictory statements that he had made under oath in prior examinations. He further testified to a beating administered by the police officers in the precinct station house. The verdict of the jury indicates that they did not accept the plaintiff's claim that he was beaten in the station house, or so much of his narration of the events on 125th Street as would show that there were no grounds for his arrest, as they found against him on the second cause of action and on the third cause of action, for wrongful arrest.

At first blush it might seem that the verdict is inconsistent in that it accepted as true a portion of plaintiff's story and rejected as false very material portions of the same story. However, this impression is not correct. It is quite obvious that the jury accepted the version of the transaction given by the police officers who testified for the city. According to them, the man Poe was beating his woman companion at the time two officers arrived at the scene. Poe was a man of gigantic stature, intoxicated and extremely belligerent. He resisted arrest with great power and force and they had great difficulty in subduing him. Meanwhile, a large crowd gathered which manifested hostility to the officers. It became necessary for them to call for assistance and, by the time additional police arrived, the scene presented was a near riot. In these proceedings plaintiff was playing an active part. In the ensuing scuffles two officers were injured to the extent of requiring hospitalization, and one found it necessary to draw his gun in order to defend himself. Plaintiff was arrested after having resisted arrest forcibly. Admittedly he was struck with a night stick and given the injuries for which he sues.

It is apparent therefore that the jury found that the plaintiff was rightfully arrested and the whole question depends upon the extent of force used in the arrest. There is no claim raised, nor in the light of experience could one be raised, that it is improper for the city to equip its police officers with night sticks. Nor could it be disputed that resistance to arrest amounting to a counterattack by vastly superior numbers is a proper occasion for use of this weapon. Once a night stick is brought into use, neither the force nor the effect of a single blow can be regulated. The only reasonable use is for the wielder of the weapon to hit with whatever force he is capable of bringing to bear in the particular situation. Nothing else is practicable nor, in the vast majority of instances, even possible.

It is easily conceivable that a blow to the head might produce a contusion, a concussion, or a fractured skull. Granting that in an individual case the lightest result, a contusion, would suffice to overcome resistance, it by no means follows that because the blow caused the more serious results the force used was excessive. The force can no more be regulated by human skill than can the force of a bullet. Once the trigger is pulled or the night stick swung, the die is cast and the degree of injury is a matter of chance. It would follow that the consequence of the blow is not even a factor in determining whether the force applied was necessary.

This is not to say that in no case can a use of excessive force be found. If it appears that there was no real resistance, any force is excessive. So is the

application of force after resistance has ceased. Another instance would be where the obvious comparative strength of the arresting officer and the person to be arrested showed that no weapon was needed. None of these situations is presented by the version of the facts which must have been accepted by the jury.

Unfortunately the general terms, correct as far as they went, which were enunciated in the charge did not direct the jury's attention to the proper application of the test of what is necessary force. It is possible that had proper exceptions been taken or requests made the court would have elaborated. The interests of justice require a new trial even in the absence of exceptions.

Botein, P. J., Breitel, Valente and Stevens, JJ., concur in Memorandum by the Court; Steuer, J., dissents in opinion.

Judgment in favor of plaintiff on the first cause of action and in favor of defendant City of New York on the second, third and fourth causes of action, affirmed, without costs to either party.