■ JAMES D. WALSH et al., Respondents, v TOWN OF HALFMOON, Appellant. ARTHUR A. SPADA et al., Respondents, v TOWN OF HALFMOON, Appellant.—Order, Supreme Court, Saratoga County, entered December 3, 1975, affirmed, without costs, on the opinion of Gibson, J., at Special Term. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.

■ EDWARD STEIN, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 58782.)—Appeals (1) from a judgment of the Court of Claims, entered August 18, 1975, in favor of the claimant in the sum of $4,512.75, and (2) from an order of the same court, entered November 25, 1975, which denied the State's motion to be relieved of the judgment upon the ground of newly discovered evidence. Claimant brought this action to recover damages for personal injuries which were inflicted upon him by a State policeman while claimant was being arrested. The Court of Claims found that claimant was resisting arrest when the policeman struck the claimant several times with a gun in his hand. The claimant sustained lacerations of the scalp, left temple, mid-forehead and nose which required sutures. The claimant and the arresting officer gave differing versions as to the events which occurred on July 24, 1974. The court, however, basically accepted the version offered by the policeman. The record establishes that the claimant was striking the policeman and otherwise attempting to escape from the policeman's grasp and to prevent this action, the policeman struck the claimant with his free hand in which he was holding his revolver. The policeman had earlier drawn his revolver to help effect the arrest. It has been held that even if a policeman is in the lawful course of his duties, the use of excessive force would be a legal basis for a finding of assault *(Jones v State of New York,* 33 NY2d 275; *Hinton v City of New York,* 13 AD2d 475). The Court of Claims applied the conditions of section 35.30 of the Penal Law and found that the police officer was prohibited from using "deadly physical force" under the circumstances herein. We find that the record, however, does not contain probative evidence to support the conclusion that the policeman exceeded his statutory authority in subduing the claimant. Upon the present record, the finding of the Court of Claims that the policeman used excessive force is erroneous and we find that the claimant has failed to establish liability on the part of the State. These findings render the State's appeal from the November 25 order academic. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Appeal from the order of November 25, 1975 dismissed as academic. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur. [83 Misc 2d 181.]