■ PAMELA PEEBLES, an Infant, by Her Mother and Natural Guardian, DIANE PEEBLES, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent and Third-Party Plaintiff. COLUMBIA CASCADE COMPANY et al., Third-Party Defendants-Respondents. [744 NYS2d 13] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered January 22, 2001, which denied plaintiffs' motion to renew and reargue an order of the same court and Justice, entered on or about September 25, 2000, which granted defendant New York City Housing Authority's motion for summary judgment, unanimously reversed, on the law and the facts, without costs, the motion granted to the extent it sought renewal, and upon renewal, summary judgment denied and the complaint reinstated.

Infant plaintiff sustained personal injuries while she was using a slide at a playground owned by the defendant, New York City Housing Authority (hereinafter NYCHA). In particular, plaintiff asserts that the right sleeve of her sweater became entangled in one of the protruding bolts adjacent to the horizontal safety bars located on top of the slide platform, causing her left hand to become caught in the horizontal bars and breaking her left wrist. The subject slide was designed and manufactured by third-party defendant, Columbia Cascade Company (hereinafter Columbia), and installed by third-party defendant, Roman Roads Construction Corp. (hereinafter Roman).

Upon the completion of all pretrial discovery, NYCHA moved for summary judgment and Columbia and Roman cross-moved for similar relief. NYCHA contended, inter alia, that the alleged defect in the right side of the subject slide was not the proximate cause of the infant plaintiff's alleged injuries to her left wrist. In further support was an affidavit from a certified playground safety inspector, who opined that the subject slide was safe and that its design conformed to industry standards. In opposing these motions, plaintiffs did not include an expert's affidavit, contending that such was unnecessary since a protruding bolt on a playground slide presented a defect that was readily understandable by an average juror. Furthermore, the deposition of the infant establishes that her injuries were the result of a "natural and continuous process" initiated by the protruding bolt. By order dated September 21, 2000, the motion court granted the motions for summary judgment and dismissed the complaint. Plaintiffs have not appealed from this order.

Subsequently, plaintiffs moved for leave to reargue and renew this order. Although still maintaining that expert testimony was unnecessary, plaintiffs submitted an affidavit from their expert, who proffered that the bolts used on the subject slide deviated from the accepted industry standards and constituted a catching hazard. This motion was denied by the motion court by order entered January 22, 2001 and plaintiffs appeal.

The affidavit of plaintiffs' expert, which was submitted for the first time in plaintiffs' motion to renew and reargue, clearly constituted new evidence. Inasmuch as plaintiffs' counsel offered a reasonable excuse for failing to produce an expert's affidavit in the first instance, the motion court erred in denying renewal (*see, Foley v Roche*, 86 AD2d 887, *lv denied* 56 NY2d 507). Since the affidavit of plaintiffs' expert raised issues of

material fact as to the proper design and construction of the subject slide, it presented a classic conflict between experts and the motion court erred in granting summary judgment. Despite infant plaintiff's admission that the protruding bolt may not have been the cause of the injury to her left wrist, an issue of fact exists as to whether the bolt was a substantial factor in causing her injuries, precluding summary relief. Concur—Nardelli, J.P., Sullivan, Ellerin, Lerner and Rubin, JJ.