■ JAMES R. MAZZARIELLO, JR., Respondent, v TOWN OF CHEEKTOWAGA et al., Appellants. [758 NYS2d 564] —Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered February 22, 2002, which denied defendants' motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action asserting

causes of action for negligence, assault, and a violation of his civil rights under 42 USC § 1983 based on an unlawful detention and the use of excessive force against him. Supreme Court denied in its entirety defendants' motion for summary judgment dismissing the complaint, but defendants contend in their brief on appeal only that the court erred in refusing to dismiss the third cause of action, thereby abandoning their appeal from the remainder of the order (*see Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]). According to plaintiff, he was approached by defendant police officers at a fast-food establishment and was asked to accompany them outside the building. Once outside the building, plaintiff was frisked, and a handgun was found and confiscated. Plaintiff alleges that, when he attempted to inform the officers that he had a permit to carry the handgun, one of the officers struck him in the back of the neck, causing two herniations of the discs in his neck. Both officers deny that plaintiff was struck.

The court properly denied that part of defendants' motion seeking summary judgment dismissing the claim for unlawful detention, or false imprisonment (*see Jacques v Sears, Roebuck & Co.,* 30 NY2d 466, 472-473 [1972]). To establish liability for such a claim, a plaintiff must show that "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" (*Broughton v State of New York,* 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]). Here, we agree with plaintiff that there is an issue of fact whether defendants are liable for false imprisonment based on the officers' detention of plaintiff after he had produced a permit for the handgun (*see Malone v City of Glens Falls,* 251 AD2d 838, 840 [1998]).

The court also properly denied that part of defendants' motion seeking summary judgment dismissing the claim for use of excessive force, arising from the allegation that defendant officers used excessive force by striking plaintiff in the neck despite his full cooperation. "[A] * * * citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person * * * [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard" (*Graham v Connor,* 490 US 386, 388 [1989]). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" (*id.* at 396). Here, there is an issue of fact whether

the police struck plaintiff and, if so, whether he was the victim of excessive force pursuant to section 1983 (*see generally Stipo v Town of N. Castle,* 205 AD2d 608 [1994]). Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.