■ ALTAGRACIA KOEIMAN, as Administratrix of the Estate of LUIS JIMINEZ, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants. [829 NYS2d 24]—

Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered on or about September 22, 2005, following a jury trial, awarding plaintiff the total sum of $1,622,770, inclusive of interest and costs, unanimously reversed, on the law, without costs, the judgment vacated and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

On the evening of October 17, 1992, plaintiff's decedent entered the 44th Precinct station house in the Bronx. Police Officer Mondello approached the decedent, who was under the influence of alcohol, and asked whether he could assist him. The decedent, without provocation or warning, punched Officer Mondello in the face. Officer Mondello took a step back before attempting to restrain the decedent by grabbing his shoulders. Another police officer, Officer Carson, who witnessed the decedent punch Officer Mondello, "jumped" on both the decedent and Officer Mondello. Officer Carson took this action because he wanted to get the decedent on the floor as quickly as possible, which would allow the officers to restrain the decedent and prevent him from punching either of the officers. Notably, both officers testified that the decedent was resisting Officer Mondello's efforts to subdue him. As a result of Officer Carson's action, the three men fell to the floor, which permitted the officers to handcuff the decedent. The officers then picked the decedent up off the floor. Both officers insisted that neither of them punched, kicked or otherwise struck the decedent. The entire incident—from the moment the decedent struck Officer Mondello to the moment the officers picked the decedent up off the floor—lasted between 5 and 15 seconds.

After getting the decedent to his feet, Officer Carson noticed that one of the decedent's legs was injured. The officers escorted the decedent to another room in the precinct and summoned an ambulance for the decedent. Emergency medical technicians arrived at the precinct, immobilized the decedent's injured leg and transported him to a local hospital. The decedent was diagnosed with a comminuted fracture of the left femur.

Plaintiff commenced this action against the defendants, claiming that the officers used excessive force in effecting the arrest* of the decedent. The jury found that the officers utilized excessive force in arresting the decedent and that such force

* The decedent was charged with assault in the second degree for striking Officer Mondello.

proximately caused injury to the decedent, and awarded plaintiff damages. Defendants appeal on the ground, among others, that the evidence adduced at trial was legally insufficient to establish that the officers used excessive force in effecting the arrest. We agree and reverse the judgment.

"Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness" (*Ostrander v State of New York*, 289 AD2d 463, 464 [2001], citing *Passino v State of New York*, 260 AD2d 915, 916 [1999]; *see Mazzariello v Town of Cheektowaga*, 305 AD2d 1118, 1119 [2003]; *see also Graham v Connor*, 490 US 386, 394-395 [1989]). The conduct of the arresting officers is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" (*Mazzariello*, 305 AD2d at 1119, quoting *Graham*, 490 US at 396). The determination of an excessive force claim requires consideration of all of the facts underlying the arrest, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers, and whether the suspect was actively resisting arrest (*Vizzari v Hernandez*, 1 AD3d 431, 432 [2003], citing *Graham*, 490 US at 396).

Viewing the evidence in the light most favorable to plaintiff and according her the benefit of every reasonable inference (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]), we find that it was insufficient as a matter of law to permit the jury to find that the officers used excessive force. The evidence adduced at trial regarding the incident—principally the testimony of officers Mondello and Carson—demonstrated that the decedent, without provocation or justification, assaulted Officer Mondello, that decedent resisted Officer Mondello's efforts to restrain him, and that the officers used the amount of force they reasonably believed was necessary to subdue and handcuff the decedent. Moreover, the incident rapidly unfolded and required the officers to make a split-second decision regarding the amount of force to employ (*see Graham*, 490 US at 396-397). Plaintiff submitted no evidence—expert or otherwise—demonstrating that the force used by the officers, judged from the perspective of a reasonable officer on the scene, was excessive (*see Davis v State of New York*, 203 AD2d 234 [1994]; *Stein v State of New York*, 53 AD2d 988 [1976]). Accordingly, we reverse the judgment and dismiss the complaint.

In light of our holding, we do not pass on the merits of the defendants' remaining claims. Concur—Tom, J.P., Mazzarelli, Saxe, Buckley and McGuire, JJ.