Judgment, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered April 8, 2011, upon a jury verdict, awarding plaintiff the principal amount of $2,042,499, unanimously re *549 versed, on the law, without costs, and the complaint dismissed. Appeal from order, same court and Justice, entered June 11, 2012, which denied defendants-appellants’ motion to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. The Clerk is directed to enter judgment dismissing the complaint.
In this action, plaintiff sought damages for injuries he allegedly suffered when a police sergeant used a Taser “stun gun” to subdue him so that he could be transported by ambulance to a hospital. Plaintiff claims, inter alia, that the use of the Taser constituted an assault and amounted to excessive force in violation of his rights under 42 USC § 1983.
The evidence adduced at trial disclosed that, in response to an emergency 911 call from plaintiff’s girlfriend that he had suffered one or more seizures, two police officers, two emergency medical technicians, two paramedics, and several fire fighters arrived at plaintiffs apartment to aid him. After the EMTs examined plaintiff and informed him that he needed to be hospitalized, he became uncooperative. His girlfriend testified that this was the result of another seizure. The police officers testified and other evidence indicates that plaintiff refused to go to the hospital, became extremely violent and agitated, and attacked the personnel trying to help him. The officers further testified that, while kicking out at them, plaintiff broke a dresser in the room.
Thereafter, six or seven responders were needed to restrain plaintiff, handcuff him behind his back, and strap him across his lap and chest into an EMT transport chair. The officers testified that while strapped in the chair, plaintiff still kicked out at them, tried to stand, and bit one officer’s arm and broke his skin. After the officers called for additional assistance, a police sergeant arrived who, after unsuccessfully trying to calm plaintiff down with words, subdued him with a Taser. Thereafter, EMTs were able to transport plaintiff from his upstairs apartment into an ambulance on the street.
To prevail on an excessive force claim, a plaintiff must show that law enforcement personnel exceeded the standard of objective reasonableness under the Fourth Amendment (Koeiman v City of New York, 36 AD3d 451, 453 [1st Dept 2007], lv denied 8 NY3d 814 [2007]; see also Graham v Connor, 490 US 386, 396-397 [1989]). In determining whether the use of force was reasonable, the trier of fact must allow for police officers’ frequent need to make “split-second” judgments about how much force is necessary “in circumstances that are tense, uncertain, and rapidly evolving” (Graham, 490 US at 396-397). Other impor *550 tant considerations include whether the suspect actively resisted arrest and posed an immediate threat to the officers’ safety (Vizzari v Hernandez, 1 AD3d 431, 432 [2d Dept 2003], citing (Graham, 490 US at 396).
“Viewing the evidence in the light most favorable to plaintiff and according [him] the benefit of every reasonable inference, we find that it was insufficient as a matter of law to permit the jury to find that the officers used excessive force” (Koeiman, 36 AD3d at 453 [citation omitted]). Here, given plaintiffs repeated outbursts and the police officers’ testimony that he was emotionally disturbed, it was reasonable to taser him so that he could be hospitalized. Since the Patrol Guide of the New York City Police Department permits an officer to use a Taser to restrain an emotionally disturbed person who threatens injury to himself or others (Procedure No. 216-05 at 5), the officer’s action comported with acceptable police practice. Plaintiffs expert witness, a retired police officer who testified to the contrary, did not furnish any basis for his conclusion that the officers departed from established protocol. Accordingly, we reverse the judgment and dismiss the complaint. Concur — Andrias, J.P, Renwick, Freedman and Gische, JJ.