# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**262**
**CA 15-00974**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

DANIELLE WRIGHT, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF ERIC
WRIGHT, DECEASED, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CITY OF BUFFALO, CITY OF BUFFALO POLICE
DEPARTMENT, CITY OF BUFFALO POLICE DEPARTMENT
EMPLOYEES, JOHN DOE 1 THROUGH 10,
DEFENDANTS-APPELLANTS.

---

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (HARRY J. FORREST OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 19, 2015. The order, insofar as appealed from, denied that part of the motion of defendants for summary judgment with respect to the causes of action for "wrongful arrest/false imprisonment" and battery, as well as the derivative cause of action.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendants appeal from an order insofar as it denied that part of their motion for summary judgment dismissing the causes of action for "wrongful arrest/false imprisonment" and battery, as well as the derivative cause of action. The action arose from an incident in which members of defendant City of Buffalo Police Department responded to a call to assist emergency personnel at the home of plaintiff and her husband (decedent). Defendants contend on appeal that Supreme Court should have granted their motion for summary judgment dismissing the complaint in its entirety. We affirm.

It is undisputed that decedent had suffered a grand mal seizure and that he refused the requests of emergency personnel and plaintiff to be transported to the hospital for medical treatment. It is also undisputed that decedent was agitated and angry with the people requesting his compliance with emergency personnel. Finally, it is undisputed that the police placed handcuffs on decedent, who was then transported by ambulance to a hospital. At the hospital, it was

determined that decedent's shoulders were dislocated and that he sustained, inter alia, a fracture and torn tendons in his left shoulder, requiring two surgeries.  Plaintiff alleges that decedent's injuries were the result of the excessive force utilized by the police in restraining decedent.

Defendants contend with respect to the cause of action for "wrongful arrest/false imprisonment" that the confinement of decedent was privileged because they were authorized to take decedent into custody pursuant to Mental Hygiene Law § 9.41 (*see generally Martinez v City of Schenectady*, 97 NY2d 78, 85), and that they are therefore protected from liability based on qualified immunity (*see Kravitz v Police Dept. of City of Hudson*, 285 AD2d 716, 717-718).  In support of that part of the motion, defendants submitted the deposition testimony of police personnel who stated that, based upon the information provided to them by the emergency personnel and plaintiff as well as their own observations, they determined that decedent should be taken into custody pursuant to Mental Hygiene Law § 9.41 and transported to a hospital for evaluation because of the danger to himself in refusing necessary medical treatment.

Mental Hygiene Law § 9.41 provides in relevant part that "[a]ny . . . police officer . . . may take into custody any person who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others." " 'To be entitled to qualified immunity, it must be established that it was objectively reasonable for the police officer[s] involved to believe that [their] conduct was appropriate under the circumstances, or that officers of reasonable competence could disagree as to whether [their] conduct was proper' " (*Rew v County of Niagara*, 115 AD3d 1316, 1318).  Here, defendants submitted evidence establishing that their conduct " 'was undertaken in the exercise of reasoned professional judgment of the officers' " (*Bower v City of Lockport*, 115 AD3d 1201, 1203, *lv denied* 24 NY3d 905).  However, they also submitted plaintiff's deposition testimony and her testimony at the General Municipal Law § 50-h hearing, as well as decedent's testimony at the section 50-h hearing and the deposition testimony of a neighbor who witnessed the events, thereby raising an issue of fact whether decedent "had a mental illness and that he was conducting himself in a manner likely to result in serious harm to himself or others" (*Smolian v Port Auth. of N.Y. & N.J.*, 128 AD3d 796, 799).  Specifically, plaintiff testified that a paramedic suggested to the police that they afford decedent some time in which to recover from the effects of the seizure, and the neighbor testified that, after the police lifted decedent from the chair, decedent said, "[O]k, I'll go, I'll go." Decedent testified that he said that he would go to the hospital but that he needed "some time to really just get [his] bearings and just figure out what's going on."  We therefore conclude that the court properly denied that part of defendants' motion with respect to the "wrongful arrest/false imprisonment" cause of action because defendants failed to eliminate all issues of fact whether the determination to take decedent into custody pursuant to Mental Hygiene Law § 9.41 was reasonable (*see Smolian*, 128 AD3d at 799), and thus that they were protected from liability based on qualified immunity.

We further conclude that the court properly denied that part of defendants' motion with respect to the battery cause of action because defendants failed to eliminate issues of fact whether the police officers in question used excessive force when taking decedent into custody (*see Holland v City of Poughkeepsie*, 90 AD3d 841, 846). " 'Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness' . . . 'Because of its intensely factual nature, the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide' " (*Combs v City of New York*, 130 AD3d 862, 864-865; *see Holland*, 90 AD3d at 844; *cf. Pacheco v City of New York*, 104 AD3d 548, 549-550).  Inasmuch as defendants submitted conflicting versions regarding the amount of force used by the police in placing handcuffs on decedent, they failed to eliminate all triable issues of fact whether the use of force was reasonable (*see Combs*, 130 AD3d at 865).