(March 15, 2017)

■ DONNA WALKER et al., Appellants, v CITY OF NEW YORK et al., Respondents. [50 NYS3d 320]—

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered March 18, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants made a prima facie showing of their entitlement to judgment dismissing the false arrest and false imprisonment claims. Defendants submitted competent proof that plaintiffs were in constructive possession of the drugs and weapon recovered from the balcony in the apartment in which plaintiffs Donna Walker and Kendra Esannason were registered as tenants, and that the police had probable cause to arrest all three plaintiffs (*see Boyd v City of New York*, 143 AD3d 609, 609-610 [1st Dept 2016]; *see generally People v Manini*, 79

NY2d 561, 573 [1992]). Plaintiffs' general denials of knowledge of the contraband at the apartment failed to raise a triable issue of fact. In addition, the evidence showed that plaintiff Jasminlee Mejia was more than just merely present at the apartment when the police arrived, as she was in a relationship with Ms. Esannason, frequently slept in the apartment, kept her clothes there, and was in a state of undress or semi-dress when the police arrived (*see People v Edwards*, 206 AD2d 597, 597-598 [3d Dept 1994], *lv denied* 84 NY2d 907 [1994]).

The motion court correctly dismissed the excessive force claims, since the plaintiffs offered no competent proof to show that the alleged excessive actions by the police were unreasonable given the circumstances, or caused plaintiffs compensable injury (*see Koeiman v City of New York*, 36 AD3d 451, 453 [1st Dept 2007], *lv denied* 8 NY3d 814 [2007]; *Rivera v City of New York*, 40 AD3d 334, 341-342 [1st Dept 2007], *lv dismissed* 16 NY3d 782 [2011]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Gesmer, JJ.