Elias v City of New York (2019 NY Slip Op 04878)





Elias v City of New York


2019 NY Slip Op 04878


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


9645 160714/15

[*1]Kathleen M. Elias, et al., Plaintiffs-Appellants,
v
The City of New York, et al., Defendants-Respondents.


Rubenstein & Rynecki, Brooklyn (Harper A. Smith of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondents.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered July 6, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment and dismissed plaintiffs' state and federal claims of assault, battery, and excessive force, and the derivative claim of loss of services, unanimously reversed, on the law, without costs, and the motion denied.
On December 20, 2014, plaintiff Kathleen M. Elias went to Bryant Park to ice skate with her family. While waiting in line, plaintiff took a few "swigs" of brandy. Bryant Park security then refused to allow her on the ice because she was intoxicated and asked her to leave the park. Plaintiff became belligerent, arguing with security staff and the NYPD. The parties sharply dispute whether plaintiff physically assaulted a police officer prior to being arrested. The parties also dispute how plaintiff came to be lying face down on the ground, and whether she actively resisted arrest. During the course of handcuffing and arresting plaintiff, plaintiff's wrist was fractured.
Defendants met their initial burden on summary judgment with respect to the excessive force-related claims by providing the deposition testimony of NYPD officers Mukhtarzada and Winters. They testified that plaintiff was intoxicated, belligerent, refused to cooperate with police instructions, drew the attention of a crowd, and actively resisted arrest (see N.M. v City of New York, 2019 NY Slip Op 02981 [1st Dept Apr. 23, 2019]; Walker v City of New York, 148 AD3d 469, 470 [1st Dept 2017]; Wilson v City of New York, 147 AD3d 664, 664 [1st Dept 2017]).
However, plaintiff sufficiently raised a triable issue of fact as to the reasonableness of the use of force by the police.
Claims that law enforcement used excessive force during an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness (Koeiman v City of New York, 36 AD3d 451, 453 [1st Dept 2007], lv denied 8 NY3d 814 [2007]; see also Mendez v The City of New York, 137 AD3d 468, 471-472 [1st Dept 2016]). Use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" (Graham v Connor, 490 US 386, 396 [1989]). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation" (id. at 396-397). "The determination of an excessive force claim requires consideration of all of the facts underlying the arrest, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers, and whether the suspect was actively resisting arrest" (Koeiman, 36 AD3d at 453 [paraphrasing Graham, 490 US at 396]; see also Pacheco v City of New York, 104 AD3d 548, 549-550 [1st Dept 2013]).
In this case, plaintiff presented competent proof, in the form of deposition testimony by plaintiff, her husband, and a security supervisor who witnessed the event, that immediately prior [*2]to her arrest she was sitting on a chair and did not assault any police officer. As the parties sharply dispute the circumstances leading up to the arrest, "the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide" (Holland v City of Poughkeepsie, 90 AD3d 841, 844 [2d Dept 2011]; see also Relf v City of Troy, 169 AD3d 1223, 1224 [3d Dept 2019]; Wright v City of Buffalo, 137 AD3d 1739, 1742 [4th Dept 2016]).
Plaintiff also presented competent evidence that she suffered from a potentially compensable injury, a fractured wrist, as a result of police action. Both Police Officer Bernstein and plaintiff testified that she went to Bellevue Hospital on the evening of her arrest, had an x-ray performed on her wrist, and received a splint. Plaintiff further testified that, two days later, an orthopedic surgeon diagnosed her as having a fractured wrist.
The loss of services claim should also be reinstated as it was only dismissed because it was derivative in nature.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK