Goetz v City of New York (2019 NY Slip Op 08003)





Goetz v City of New York


2019 NY Slip Op 08003


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Webber, Gesmer, Oing, JJ.


10278 306086/13

[*1] Victoria Goetz, et al., Plaintiffs-Appellants,
v
The City of New York, et al., Defendants-Respondents.


Sim & Record, LLP, Bayside (Sang J. Sim of counsel), for Victoria Goetz, appellant.
Orrick, Herrington & Sutcliffe, LLP, Washington, DC (Benjamin Paul Chagnon of the bar of the State of California and the District of Columbia, admitted pro hac vice, of counsel), for David Diaz and Quintesha Diaz, appellants.
Georgia M. Pestana, Acting Corporation Counsel, New York (Claibourne Henry of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about July 30, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants made a prima facie showing of their entitlement to judgment dismissing the false arrest and false imprisonment claims. Defendants submitted competent proof that the Diaz plaintiffs were in constructive possession of the contraband recovered from the apartment in which they were registered as tenants, and these plaintiffs failed to raise any triable issue of fact with respect defendant's probable cause to arrest (see Walker v City of New York, 148 AD3d 469 [1st Dept 2017]; Shields v City of New York, 141 AD3d 421 [1st Dept 2016]). With respect to plaintiff Goetz, probable cause to arrest was established based on the evidence that the police found her in a room with contraband in plain view and with her boyfriend, Jonathan Garcia, who pleaded guilty to possession of the drugs; her conclusory claims that the drugs were not discovered in plain view are not sufficient to raise a genuine issue of material fact (see De Lourdes Torres v Jones, 26 NY3d 742, 771 [2016]; Flavin v City of New York, 171 AD3d 633 [1st Dept 2019]).
The court properly dismissed the malicious prosecution claim, as there was probable cause for the arrest and the absence of evidence that such probable cause dissipated between the arrest and commencement of criminal proceedings (see Brown v New York, 60 NY2d 893 [1983]; Flavin, 171 AD3d at 634).
The court also correctly dismissed the remaining claims, including the excessive force claims, "since the plaintiffs offered no competent proof to show that the alleged excessive [*2]actions by the police were unreasonable given the circumstances, or caused plaintiffs compensable injury" (Walker, 148 AD3d at 470; see Koeiman v City of New York, 36 AD3d 451 [1st Dept 2007], lv denied 8 NY3d 814 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK