Suero v City of New York (2020 NY Slip Op 01301)





Suero v City of New York


2020 NY Slip Op 01301


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Gische, J.P., Mazzarelli, Moulton, González, JJ.


11126 306656/14

[*1] Abdiana Suero, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents, NYPD Officers sued herein as John/Jane Doe I-V, Defendants.


Sim & DePaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Deborah A. Brenner of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about July 13, 2018, which granted The City defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established prima facie entitlement to judgment as a matter of law by submitting evidence that defendant police officers had probable cause to arrest plaintiff on a theory of constructive possession. Such is a complete defense to plaintiff's claims of false arrest, false imprisonment and malicious prosecution (see Hunter v City of New York, 169 AD3d 603 [1st Dept 2019]).
In opposition, plaintiff failed to raise an issue of fact. The evidence shows that she was discovered asleep, in a state of undress, in an apartment identified in a valid search warrant as a drug distribution point (see Walker v City of New York, 148 AD3d 469, 470 [1st Dept 2017]; Mendoza v City of New York, 90 AD3d 453 [1st Dept 2011]). Contraband was in open view in the apartment and readily accessible to her (see Brown v City of New York, 170 AD3d 596 [1st Dept 2019]). The excessive force claim was also properly dismissed since plaintiff claims no physical injury (see Davidson v City of New York, 155 AD3d 544 [1st Dept 2017]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK