Conrad v City of NewYork (2021 NY Slip Op 01506)





Conrad v City of NewYork


2021 NY Slip Op 01506


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 154550/17 Appeal No. 13363 Case No. 2020-02314 

[*1]Eric Conrad, as Administrator of the Estate of Garry J. Conrad, Plaintiff-Appellant,
v
The City of NewYork, et al., Defendants-Respondents, NYPD Police Officers Adolfo Peralta and KevinGleason, Defendants. 


Beldock Levine & Hoffman LLP, New York (Karen Dippold of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondents.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered March 3, 2020, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants made out a prima facie case that Officer Gleason's actions were objectively reasonable under the circumstances, which required split-second decision making (Pacheco v City of New York, 104 AD3d 548, 549 [1st Dept 2013]; Elias v City of New York, 173 AD3d 538 [1st Dept 2019]). The record raises disputed issues of fact as to whether Officer Gleason knew or should have known that plaintiff's decedent, Garry Conrad, was an emotionally disturbed person at the time of their interaction. However, even using the Patrol Guide guidelines applicable to interactions with emotionally disturbed persons to inform the standard of care (see Lubecki v City of New York, 304 AD2d 224, 233-234 [1st Dept 2003], lv denied 2 NY3d 701 [2004]), under the totality of the circumstances, Officer Gleason was entitled to qualified immunity because his actions in attempting to arrest Conrad were matters of discretion and professional judgment that did not violate any clearly established procedures or protocol (see Davila v City of New York, 139 AD3d 890, 892-893 [2d Dept 2016], lv denied 28 NY3d 914 [2017]; Pacheco, 104 AD3d at 549).
Plaintiff no longer contends that two other officers violated protocols in using deadly force after Conrad pulled out a knife, and any claim that Officer Gleason's use of force in connection with the attempted arrest proximately caused Conrad's death is highly attenuated, given the intervening conduct (see City of Los Angeles v Mendez, US , 137 S Ct 1539, 1547 [2017]; Ferreira v City of Binghamton, 975 F3d 255, 279 [2d Cir 2020]; see generally Lee v New York City Hous. Auth., 25 AD3d 214, 220 [1st Dept 2005])
As for the assault and battery claims, Officer Gleason had probable cause to arrest Conrad, for, among other things, aggravated harassment, and because plaintiff does not allege and the record does not show that Conrad sustained injuries as a result
of Gleason's attempted arrest, those claims were properly dismissed (see Price v City of New York, 172 AD3d 625, 628-629 [1st Dept 2019]; Davidson v City of New York, 155 AD3d 544, 544 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021