Snow v Rochester Police Officer Christopher Schreier (2021 NY Slip Op 02638)





Snow v Rochester Police Officer Christopher Schreier


2021 NY Slip Op 02638


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


316.1 CA 20-00651

[*1]SHENNA SNOW, PLAINTIFF-RESPONDENT,
v
ROCHESTER POLICE OFFICER CHRISTOPHER SCHREIER AND ROCHESTER POLICE OFFICER T. WASSINGER, DEFENDANTS-APPELLANTS. 






TIMOTHY R. CURTIN, CORPORATION COUNSEL, ROCHESTER (CHRISTOPHER S. NOONE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered November 14, 2019. The order denied in part defendants' motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking summary judgment dismissing the first cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she suffered when defendants arrested her at a restaurant following a dispute between plaintiff and members of the restaurant's staff. The record establishes that plaintiff purchased food from the restaurant but became upset and confronted the staff at length after concluding that she had been given the wrong order and incorrect change. The restaurant staff called the police. Defendants responded and, upon their arrival, ordered plaintiff to leave the restaurant as requested by its staff. Defendants then spoke with plaintiff outside; according to defendants, plaintiff was still upset and refused to leave the storefront. Defendants then attempted to handcuff plaintiff and, while moving her hands behind her back, broke plaintiff's arm.
Plaintiff's amended complaint asserted causes of action for false arrest in violation of 42 USC § 1983, use of excessive force in violation of 42 USC § 1983, battery, and assault, as well as a claim for punitive damages. Defendants moved for summary judgment dismissing the amended complaint. Supreme Court denied the motion except insofar as it sought dismissal of the punitive damages claim. Defendants appeal.
We agree with defendants that the court erred in denying their motion with respect to the first cause of action, for false arrest, and we therefore modify the order accordingly. Defendants met their initial burden on the motion by establishing that they had probable cause to arrest plaintiff, and plaintiff failed to raise a triable issue of fact in opposition (see Durand v South Nassau Hosp., 172 AD3d 1318, 1320 [2d Dept 2019]). "[T]he existence of probable cause is an absolute defense to a false arrest claim" (Jaegly v Couch, 439 F3d 149, 152 [2d Cir 2006]). This is so even if probable cause exists with respect to an offense other than the one actually invoked at the time of arrest (see Devenpeck v Alford, 543 US 146, 153 [2004]; see generally Brown v Hoffman, 122 AD3d 1149, 1150 [3d Dept 2014]). Here, although plaintiff lawfully entered the restaurant premises as a customer, her license to remain was revoked when she was asked to leave after she began arguing with the staff. When plaintiff refused to leave the restaurant property at the request of its staff, she committed a trespass (see People v Sylvester, 52 Misc 3d 144[A], 2016 NY Slip Op 51286[U], *1 [App Term 2016], lv denied 28 NY3d 1075 [2016]; People v Seabrook, 46 Misc 3d 152[A], 2015 NY Slip Op 50338[U], *1 [App Term 2015], lv [*2]denied 26 NY3d 1112 [2016]; see generally People v Leonard, 62 NY2d 404, 408 [1984]; People v Licata, 28 NY2d 113, 117 [1971]). Inasmuch as plaintiff committed an ongoing trespass in defendants' presence (see CPL 140.10 [1] [a]), defendants had probable cause to arrest plaintiff for that violation (see Durand, 172 AD3d at 1318, 1320; Downs v Town of Guilderland, 70 AD3d 1228, 1232 [3d Dept 2010], appeal dismissed 15 NY3d 742 [2010]).
We reject defendants' further contention that the court erred in denying the motion with respect to the cause of action for use of excessive force. "Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness" (Bridenbaker v City of Buffalo, 137 AD3d 1729, 1730 [4th Dept 2016] [internal quotation marks omitted]; see Jones v Parmley, 465 F3d 46, 61 [2d Cir 2006]). "The test of reasonableness under the Fourth Amendment 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [or she] is actively resisting arrest or attempting to evade arrest by flight' " (People v Smith, 95 AD3d 21, 26 [4th Dept 2012], quoting Graham v Connor, 490 US 386, 396 [1989]). "The fact that a person whom a police officer attempts to arrest resists, threatens, or assaults the officer no doubt justifies the officer's use of some degree of force, but it does not give the officer license to use force without limit. The force used by the officer must be reasonably related to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened, against the officer" (Sullivan v Gagnier, 225 F3d 161, 165-166 [2d Cir 2000]).
Here, defendants' submissions in support of their motion raised triable issues of fact as to the degree of plaintiff's resistance, the threat she posed, and the degree of force defendants used. Defendants thus failed to meet their initial burden on the motion of establishing that "no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable" (Amnesty America v Town of West Hartford, 361 F3d 113, 123 [2d Cir 2004]; see Macareno v City of New York, 187 AD3d 1164, 1166-1167 [2d Dept 2020]). For similar reasons, we conclude that defendants failed to establish that they were entitled to summary judgment on the excessive force cause of action on the ground of qualified immunity (see Lennox v Miller, 968 F3d 150, 157 [2d Cir 2020]). Inasmuch as defendants on appeal further contend that the causes of action for assault and battery should be dismissed for the same reasons as the cause of action for excessive force, we likewise reject that contention (see generally Wright v City of Buffalo, 137 AD3d 1739, 1741-1742 [4th Dept 2016]; Holland v City of Poughkeepsie, 90 AD3d 841, 846 [2d Dept 2011]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court