Thomas v Niagara Frontier Tr. Auth. (2025 NY Slip Op 02433)

Thomas v Niagara Frontier Tr. Auth.

2025 NY Slip Op 02433

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, AND NOWAK, JJ.

19 CA 24-00368

[*1]DEVERE THOMAS, PLAINTIFF-APPELLANT,
v
NIAGARA FRONTIER TRANSIT AUTHORITY, NFTA POLICE DEPARTMENT AND THEIR AGENTS, SERVANTS AND EMPLOYEES, AND NFTA POLICE OFFICER ROBERT GAWLAK, INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACITY, DEFENDANTS-RESPONDENTS. 

NELSON S. TORRE, BUFFALO, FOR PLAINTIFF-APPELLANT. 
DAVID J. STATE, GENERAL COUNSEL, BUFFALO (VICKY-MARIE J. BRUNETTE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 2, 2023. The order and judgment, insofar as appealed from, granted the motion of defendants insofar as it sought summary judgment dismissing the causes of action for false arrest and unlawful imprisonment and for negligent use of excessive force. 
It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, and the causes of action for false arrest and unlawful imprisonment and for negligent use of excessive force are reinstated.
Memorandum: Plaintiff commenced this action sounding in, inter alia, false arrest and excessive force, and defendants thereafter moved for summary judgment dismissing the complaint. As limited by his brief, plaintiff appeals from an order and judgment insofar as it granted defendants' motion with respect to the first cause of action, for false arrest and unlawful imprisonment, and the second cause of action, for negligent use of excessive force. We reverse the order and judgment insofar as appealed from.
A police officer for defendant Niagara Frontier Transit Authority (NFTA) stopped a car being driven by plaintiff for certain alleged parking violations and having tinted windows that were impermissibly dark. After the stop, a second NFTA officer, defendant Robert Gawlak, individually and in his representative capacity, approached plaintiff's side of the vehicle. There is conflicting deposition testimony as to what happened next. According to Gawlak, plaintiff rolled down the window, began yelling at him, and then began to roll the window back up. Gawlak drew his weapon and told plaintiff he needed to keep the window down. Gawlak testified that plaintiff then threatened to shoot him, reached to his right, and began to drive toward him. At that point, Gawlak fired shots through the windshield. In contrast, plaintiff testified at his deposition that Gawlak was being aggressive and told him to exit the vehicle while Gawlak was clutching his firearm. In response, plaintiff rolled up his window. According to plaintiff, Gawlak thereafter drew his service weapon, moved toward the front of the vehicle, aimed the firearm at plaintiff, and shot him through the windshield, striking his left finger. Plaintiff testified that upon being shot, he fled. Plaintiff was stopped, arrested, and taken to the hospital where he underwent surgery for his finger, which had been almost completely severed.
Plaintiff was charged by a five-count indictment with attempted assault on a peace officer, police officer, firefighter or emergency medical services professional (Penal Law §§ 110.00, 120.08); unlawful fleeing a police officer in a motor vehicle in the third degree (§ 270.25); obstructing governmental administration in the second degree (§ 195.05); resisting arrest (§ 205.30); and unlawful possession of marihuana (former § 221.05). He ultimately pleaded guilty to unlawful fleeing a police officer in a motor vehicle in the third degree in full satisfaction of the indictment.
We agree with plaintiff that Supreme Court erred in granting defendants' motion with respect to the excessive force cause of action. Excessive force claims are evaluated " 'under the Fourth Amendment's "objective reasonableness" standard' " (Mazzariello v Town of Cheektowaga, 305 AD2d 1118, 1119 [4th Dept 2003], quoting Graham v Connor, 490 US 386, 388 [1989]). Whether an officer's course of action is objectively reasonable is assessed from the perspective of a reasonable officer under the particular circumstances "rather than with the 20/20 vision of hindsight" (Bridenbaker v City of Buffalo, 137 AD3d 1729, 1730 [4th Dept 2016] [internal quotation marks omitted]). "The test of reasonableness under the Fourth Amendment requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight" (Snow v Schreier, 193 AD3d 1346, 1347 [4th Dept 2021] [internal quotation marks omitted]; see People v Smith, 95 AD3d 21, 26 [4th Dept 2012]).
"Because of its intensely factual nature, the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide" (Wright v City of Buffalo, 137 AD3d 1739, 1742 [4th Dept 2016] [internal quotation marks omitted]).
" 'The fact that a person whom a police officer attempts to arrest resists, threatens, or assaults the officer no doubt justifies the officer's use of some degree of force, but it does not give the officer license to use force without limit. The force used by the officer must be reasonably related to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened, against the officer' " (Snow, 193 AD3d at 1347).
Here, the evidence submitted by defendants, including video from a passing NFTA bus and plaintiff's deposition testimony that he fled only after Gawlak shot him, raises issues of fact regarding the objective reasonableness of Gawlak's conduct under the circumstances. Inasmuch as defendants failed to meet their burden on the motion with respect to the excessive force cause of action, the court was required to deny that part of the motion "without regard to the sufficiency of the opposing papers" (Rivera v Rochester Gen. Health Sys., 173 AD3d 1758, 1760 [4th Dept 2019]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Similarly, we agree with plaintiff that the court erred in granting the motion with respect to the false arrest and unlawful imprisonment cause of action. Though "[t]he existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the [false imprisonment cause of action]" (Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]), the issue of probable cause is "generally a question of fact to be decided by the jury, and should 'be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn surrounding the arrest' " (Taylor v City of Buffalo, 229 AD3d 1125, 1127 [4th Dept 2024]).
While in general, a guilty plea establishes probable cause for arrest on the underlying conduct and any other charges satisfied by the plea (see Calastri v Overlock, 125 AD3d 554, 554 [1st Dept 2015]), here, defendants also submitted the deposition testimony of the nonparty NFTA officer who initially stopped plaintiff's car, in which he testified that the police lacked probable cause to arrest plaintiff at relevant points of the encounter. Thus, under these circumstances, given the conflicting evidence submitted by defendants, their own submissions raise issues of fact concerning the existence of probable cause that preclude defendants' entitlement to summary judgment with respect to the false arrest and unlawful imprisonment cause of action.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court