Galarza v City of New York (2026 NY Slip Op 01849)

Galarza v City of New York

2026 NY Slip Op 01849

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Index No. 28727/17|Appeal No. 6197-6198|Case No. 2024-06599, 2025-02499|

[*1]Mildred Galarza, etc. et al., Appellants,
vCity of New York, et al., Respondents. 

Beldock Levine & Hoffman, LLP, New York (Keegan Stephan of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered October 1, 2024, which denied plaintiffs' motion to renew defendants' motion for summary judgment dismissing plaintiffs' causes of action for assault, battery, federal excessive force, and wrongful death, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 27, 2025, which denied plaintiffs' motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.
Under certain circumstances, renewal is proper where, as appears to have been the case here, law office failure resulted in a party's failure to submit evidence in connection with the underlying motion (see Joseph v Board of Educ. of the City of N.Y., 91 AD3d 528, 529 [1st Dept 2012]). However, the newly submitted evidence still has to be of the type accepted by a court on a renewal motion, which warrants a different result than the one reached on the initial motion (see e.g. Peebles v New York City Hous. Auth., 295 AD2d 189, 190-191 [1st Dept 2002]). Under the circumstances presented here, where this Court has previously affirmed the underlying order (see Galarza v City of New York, 230 AD3d 1062 [1st Dept 2024]), a finding that plaintiffs did not present "new evidence" would compel us to affirm under the doctrine of law of the case (see Kenney v City of N.Y., 74 AD3d 630, 630-631 [1st Dept 2010]).
Here, the opinion of plaintiffs' expert submitted on renewal, which was founded on police best practices manuals, failed to constitute "new evidence" on the issues of qualified immunity and whether the police force involved was objectively reasonable in light of the circumstances (see McDermott v New York Hosp.-Cornell Med. Ctr., 42 AD3d 346, 346 [1st Dept 2007] [renewal motion based on "nothing more than the opinion of a newly retained medical expert" denied]). Plaintiffs raised similar arguments on their prior appeal, based 0n the same facts, albeit without an expert opinion. However, this Court found that defendants were entitled to qualified immunity, given plaintiffs' admissions as to decedent's conduct in suddenly rising from a seated position, holding a bottle over his head, and taking a step toward an officer after the decedent was asked to lie on the floor due to his hallucinatory, threatening conduct which was potentially harmful to himself and others. The issue of whether defendants' conduct comported with "best practices," which was the focus of plaintiff's expert's submission on the renewal motion, is irrelevant to whether their use of force under the circumstances was objectively reasonable, let alone whether the officers are entitled to qualified immunity (see Pacheco v City of New York, 104 AD3d 548, 550 [1st Dept 2013]). Indeed, the issue of objective reasonableness as to an officer's use of force is a pure question of law for a court to decide once it has "determined the relevant facts and drawn all inferences in favor of the nonmoving party to the extent supportable by the record" (Scott v Harris, 550 US 372, 381 n 8 [2007]).
We have considered plaintiffs' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026