■ Shawn Brown, Appellant, v City of New York et al., Respondents. [735 NYS2d 21] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered September 18, 2000, which, *inter alia*, granted the cross motion of defendants City of New York and Alberto Rosario for dismissal of the complaint under CPLR 3211 (a) (7) and/or 3212 in this action for, *inter alia*, false arrest and malicious prosecution, unanimously affirmed, without costs.

In view of the evidence that the victim told the detective at the hospital on the morning of the shooting that he would be able to identify the gunman if he were to see him again; that the victim unequivocally picked defendant's photo at the precinct a few weeks later; and that the victim unequivocally identified plaintiff in a lineup, it is clear, as a matter of law, that there was probable cause to arrest plaintiff, which circumstance is a complete defense to plaintiff's purported Federal claim for false arrest (*Weyant v Okst*, 101 F3d 845, 852).

Plaintiff's State and purported Federal malicious prosecution claims were properly dismissed "for failure to raise an issue of fact that the indictment was procured by fraud, perjury, suppression of evidence or other police conduct undertaken in bad faith * * * or prosecuted after evidence came to light demonstrating the absence of probable cause" (*Graham v City of New*

*York*, 279 AD2d 435, 436). As soon as the victim informed the District Attorney's office that he had made a wrong identification, the case was discontinued. Moreover, as the IAS court concluded, plaintiff made no showing that the authorities had been motivated by actual malice.

Plaintiff's contention that defendants' violation of CPL 160.55 supports a 42 USC § 1983 claim is without merit. Plaintiff has not alleged that the purported wrongful behavior was the result of a custom or policy utilized by defendants, as is required in a section 1983 action (*Monell v Department of Social Servs. of City of N. Y.*, 436 US 658, 694-695). Moreover, just as a violation of a related sealing statute, namely CPL 160.50, does not implicate constitutional considerations (*see, Moore v Dormin*, 252 AD2d 421, 425 [Tom, J., concurring], *lv denied* 92 NY2d 816), neither did defendants' failure to remove from inspection plaintiff's photo and arrest sheet, which had been sealed under CPL 160.55, create a section 1983 interest in reputation or privacy (*see, id.*).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Wallach, J. P., Lerner, Rubin, Buckley and Friedman, JJ.