13-1715-cv
Thomas v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand fourteen.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
                    *Circuit Judges,*
          COLLEEN McMAHON,
                    *District Judge.*[*]

------------------------------------------------------------------------

MARIO THOMAS,

                    *Plaintiff-Appellant*,

          v.                                          No. 13-1715-cv

THE CITY OF NEW YORK, JESUS RODRIGUEZ, Individually; DET., SHIELD NO. 4220, in his official capacity, JOHN DOE, P.O.'S # 1–10, individually, (the name John Doe being fictitious, as the true names are presently unknown) and in their official capacity (the name John Doe being fictitious, as the true names are presently unknown),

                    *Defendants-Appellees.*

------------------------------------------------------------------------

---

[*] The Honorable Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLANT:        JOSHUA P. FITCH, Cohen & Fitch, LLP, New York, New York.

APPEARING FOR APPELLEES:        DONA B. MORRIS (Pamela Seider Dolgow, Elizabeth Norris Krasnow, *on the brief*), of Counsel, *for* Zachary Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 2, 2013, is AFFIRMED.

Mario Thomas appeals from an award of summary judgment dismissing his claims of false arrest and malicious prosecution, brought pursuant to 42 U.S.C. § 1983, against the City of New York and arresting Detective Jesus Rodriguez. Thomas contends that the district court erred in finding that defendants had probable cause to arrest and prosecute him for the August 14, 2009 shooting of Jason Price. We review an award of summary judgment de novo, resolving all ambiguities and drawing all inferences in favor of the nonmovant, and we will affirm only if the record reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Nagle v. Marron, 663 F.3d 100, 104–05 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

2

Upon an independent review of the record, we agree with the district court that there was no genuine issue of material fact with regard to the existence of probable cause for Thomas's arrest. "[P]robable cause to arrest exists when police officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007) (internal quotation marks omitted). This standard is a "fluid" one, which does not demand "hard certainties" but only facts sufficient to establish the sort of "fair probability" on which "reasonable and prudent men, not legal technicians, act." Illinois v. Gates, 462 U.S. 213, 231–32, 238 (1983); see Florida v. Harris, 133 S. Ct. 1050, 1055 (2013) (observing that probable cause is "practical," "common-sensical," "all-things-considered" standard). Contrary to Thomas's assertion, the basis for his arrest was not solely his proximity to the shooting. Rather, the facts available to Rodriguez at the time of the arrest included (1) evidence that Price was shot at close range; (2) Price's photo array identification of Thomas as the individual who walked by him on an otherwise empty street moments before he was shot; and (3) Price's statement that, after he was shot, he turned and saw Thomas standing on the sidewalk in the direction of the continued gunfire. See Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) ("[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." (internal quotation marks omitted)).

3

That the wounded Price did not see whether Thomas was holding a gun does not raise a material issue of fact respecting probable cause because "probable cause does not demand that an officer's good-faith belief that a suspect has committed or is committing a crime be 'correct or more likely true than false.'" Zalaski v. City of Hartford, 723 F.3d 382, 390 (2d Cir. 2013) (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)). Further, although Thomas challenges Rodriguez's decision not to engage in further investigation, Rodriguez was "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Caldarola v. Calabrese, 298 F.3d 156, 167–68 (2d Cir. 2002); see Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) ("Although a better procedure may have been for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him."). Thus, even viewing the record in the light most favorable to Thomas, we conclude that the district court properly awarded summary judgment in favor of defendants on Thomas's § 1983 false arrest claim. See Jenkins v. City of New York, 478 F.3d 76, 84, 88 (2d Cir. 2007) (recognizing probable cause as complete defense to claims for false arrest and imprisonment).

Thomas's malicious prosecution claim fares no better. While the probable cause inquiries for false arrest and malicious prosecution are distinct, where, as here, probable cause to arrest existed and the plaintiff concedes that defendants did not learn of any intervening facts between arrest and initiation of prosecution, claims of malicious prosecution cannot survive. See Manganiello v. City of New York, 612 F.3d 149, 161–62

4

(2d Cir. 2010) (recognizing probable cause as a complete defense to a claim of malicious prosecution); see also Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996) ("In order for probable cause to dissipate [between arrest and prosecution], the groundless nature of the charges must be made apparent by the discovery of some intervening fact.").

Finally, because Thomas has not alleged a valid underlying constitutional deprivation, his claim against New York City pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), must also fail.   See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

We have considered all of Thomas's remaining arguments and find them to be without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court