■ Alberto Burgos-Lugo, Appellant, v City of New York et al., Respondents. [47 NYS3d 3]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about July 7, 2015, which, to the extent appealed from, granted defendants' motion for summary judgment to the extent of dismissing plaintiff's state and federal claims for malicious prosecution and his federal claims for assault, battery, and excessive force; denied defendants' motion for summary judgment on plaintiff's federal false arrest, false

imprisonment, and illegal search and seizure claims; and denied plaintiff's cross motion for summary judgment on his federal claims for assault, battery, false arrest, false imprisonment, and illegal search and seizure, unanimously modified, on the law, to deny defendants' motion as to plaintiff's federal assault and battery claims, and otherwise affirmed, without costs.

In this appeal, we address cross motions for summary judgment in a civil rights action arising out of plaintiff's arrest and the resulting narcotics possession prosecution, which was ultimately dismissed. The motion court denied plaintiff's cross motion for summary judgment in its entirety, denied defendants' summary judgment motion on plaintiff's claims for false arrest, false imprisonment, and illegal search and seizure, and granted defendants' summary judgment motion on all of plaintiff's other state and federal claims.[1] We affirm all of the motion court's order,[2] except to the extent of reinstating plaintiff's federal claims for assault and battery.

The motion court correctly concluded that an issue of fact regarding probable cause for plaintiff's search, seizure, and arrest precluded summary judgment for any party on the federal claims of false arrest, false imprisonment, and illegal search and seizure. The indictment is some evidence that the arresting officer had probable cause to arrest plaintiff (*see Broughton v State of New York*, 37 NY2d 451, 458 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). However, the evidence was suppressed, the indictment was dismissed, and the testimony conflicts as to what the officer observed in the moments preceding his interaction with and subsequent arrest of plaintiff. "Given these factual disputes and the variety of inferences that could be drawn from them, the issue of probable cause could not be resolved as a matter of law" (*Parkin v Cornell Univ.*, 78 NY2d 523, 530 [1991]). Accordingly, all par-

---

1. Before this motion practice, the parties stipulated to dismissal of several of plaintiff's original claims against the City of New York. In their appellate briefs, the parties agree that the only claims that survived the stipulation were plaintiff's federal excessive force, assault, battery, malicious prosecution, false arrest, false imprisonment, and illegal search and seizure claims against the individual defendants under 42 USC § 1983, and, plaintiff's state law malicious prosecution claim against the City of New York. These claims were the subject of the parties' cross motions for summary judgment.

2. Although only plaintiff appeals from the motion court's order on that issue, defendants have asked us to exercise our power to search the record and grant their motion for summary judgment on plaintiff's false arrest, false imprisonment, and illegal search and seizure claims (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]).

ties' summary judgment motions on these claims were properly denied.

However, the issue of fact regarding probable cause should have led to the denial of not only plaintiff's but also defendants' summary judgment motion on plaintiff's federal assault and battery claims. This Court has held that "[an] issue of fact as to probable cause for [an] arrest precludes summary dismissal of [an] assault and battery claim" (*Mendez v City of New York*, 137 AD3d 468, 471 [1st Dept 2016], citing *Johnson v Suffolk County Police Dept.*, 245 AD2d 340, 341 [2d Dept 1997]). Accordingly, we modify the motion court's order to the extent of reversing its dismissal of plaintiff's federal assault and battery claims and reinstating them.

As to plaintiff's remaining claims, we affirm their dismissal by the motion court.[3] The motion court properly dismissed plaintiff's federal excessive force claim because, although he complained that his handcuffs were too tight, there is no evidence of injury (*see Lynch ex rel. Lynch v City of Mount Vernon*, 567 F Supp 2d 459, 468 [SD NY 2008]). Plaintiff's state malicious prosecution claim against the City and his federal malicious prosecution claim against the individual defendants were properly dismissed because there is no evidence of actual malice. The record does not demonstrate that defendants " 'commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served' " (*Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 132 [1st Dept 1999], quoting *Nardelli v Stamberg*, 44 NY2d 500, 503 [1978]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Kahn and Gesmer, JJ.

---

**3.** The parties argued the issue of a purported strip search claim by plaintiff in their briefs. However, plaintiff only alleged illegal strip search in his bill of particulars and in his claim for negligent supervision against the City which he voluntarily dismissed by stipulation. The motion court never explicitly ruled upon an illegal strip search claim although it referred to plaintiff being strip searched at a federal facility when it granted summary judgment to defendants on plaintiff's assault and battery claims. We decline to address this purported illegal strip search claim because it was not properly pleaded against these defendants by plaintiff. Alternatively, were we to address it, we would conclude that this purported illegal strip search claim should be dismissed as the record contains no evidence that either individual defendant authorized or conducted a strip search of plaintiff.