█ OUSMAN SAVANE, Respondent, v DISTRICT ATTORNEY OF NEW YORK COUNTY et al., Appellants, et al., Defendants. [50 NYS3d 71]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered November 17, 2015, which, insofar as appealed from as limited by the briefs, denied the motion of the District Attorney defendants to dismiss the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff's causes of action against defendant assistant district attorney, including for false arrest, malicious prosecution, malicious abuse of process, denial of due process, conspiracy and unreasonably prolonged detention, whether brought under state law and/or under 42 USC § 1983, should have been dismissed absent allegations that would overcome the assistant district attorney's entitlement to absolute immunity in performing what was her official duties as a prosecutor (*see Arzeno v Mack*, 39 AD3d 341, 342 [1st Dept 2007]; *Shmueli v City of New York*, 424 F3d 231 [2d Cir 2005]).

Additionally, the felony complaint submitted by plaintiff in opposition to the motion, together with the pleadings and acknowledgment of an indictment, established that there was probable cause to arrest plaintiff (*see Brown v City of New York*, 289 AD2d 95 [1st Dept 2001]), and there was no allegation to indicate the assistant district attorney's involvement with the case until some time after plaintiff was formally charged. Under such circumstances, probable cause afforded a complete defense to plaintiff's claims against the assistant

district attorney for false arrest, false imprisonment and malicious prosecution brought under state law, as well as the related claims brought under 42 USC § 1983 (*see Hernandez v City of New York,* 100 AD3d 433 [1st Dept 2012], *lv dismissed* 21 NY3d 1037 [2013]). Plaintiff further failed to make out a prima facie case of malicious prosecution by failing to overcome the presumption of probable cause that attached upon his indictment (*see Pang Hung Leung v City of New York,* 216 AD2d 10 [1st Dept 1995]).

Defendant District Attorney was entitled to absolute immunity as a defense to plaintiff's claims under 42 USC § 1983 alleging his liability as a policy maker, and in his management capacity in the District Attorney's Office (*see Van de Kamp v Goldstein,* 555 US 335 [2009]). Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.