ALVIN DAVIDSON, Appellant, v CITY OF NEW YORK et al., Respondents. [65 NYS3d 520]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered June 8, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the state and federal law claims of malicious prosecution, assault, battery, and excessive force, and denied plaintiff's motion for partial summary judgment on the federal law claims of illegal search and seizure, false arrest, false imprisonment, assault, and battery, unanimously affirmed, without costs.

Plaintiff testified that he found a bag containing a gun and that when he saw defendant Lt. Maloney walking towards him, he so informed the officer. Since "a search authorized by consent is wholly valid," plaintiff's claims of illegal search and seizure and false arrest must fail (see Schneckloth v Bustamonte, 412 US 218, 222 [1973]). The suppression of the gun following a Dunaway/Mapp hearing, at which plaintiff did not testify, is not dispositive since the doctrine of collateral estoppel is inapplicable here (see Jenkins v City of New York, 478 F3d 76, 85 [2d Cir 2007]).

The malicious prosecution claims were correctly dismissed because plaintiff failed to show either lack of probable cause or malice (see Smith-Hunter v Harvey, 95 NY2d 191, 195 [2000]). Contrary to plaintiff's contention, the officers were not obligated to inform the grand jury of his claim that he had just found the gun (see Gisondi v Town of Harrison, 72 NY2d 280, 285 [1988]; Abdul-Aziz v City of New York, 56 AD3d 291, 293 [1st Dept 2008], lv denied 12 NY3d 712 [2009]).

The claim of excessive force was correctly dismissed since plaintiff testified that the handcuffs were too tight, but he did not testify, or submit other evidence, that he sustained physical injury as a result (see Burgos-Lugo v City of New York, 146 AD3d 660, 662 [1st Dept 2017]). For the same reason, coupled with the finding of probable cause for the arrest, the claims of assault and battery were correctly dismissed (see Mendez v City of New York, 137 AD3d 468 [1st Dept 2016]). Concur—

Richter, J.P., Kapnick, Webber, Oing and Singh, JJ. 