■ LARELL FOWLER et al., Appellants, v CITY OF NEW YORK et al., Respondents. [67 NYS3d 171]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered May 27, 2016, which, inter alia, granted defendants' motion for summary judgment dismissing plaintiffs' claims for false arrest, false imprisonment and malicious prosecution, and under 42 USC § 1983, and part of plaintiffs' exces-

sive force and assault and battery claims, unanimously affirmed, without costs.

There is no dispute that the vehicle being operated by plaintiff Fowler had illegal tint to its windows, making the initial stop legal (*see People v Robinson*, 103 AD3d 421 [1st Dept 2013], *lv denied* 20 NY3d 1103 [2013]). The odor of marijuana emanating from the vehicle, in and of itself, provided probable cause to arrest plaintiffs and search the vehicle (*id.*). Moreover, the officers' observations of a marijuana cigarette in plain view provided independent probable cause to search the vehicle (*see People v Cruz*, 7 AD3d 335 [1st Dept 2004], *lv denied* 3 NY3d 671 [2004]). Plaintiffs' denials are unsupported by the record, which contains the voucher paperwork for the marijuana cigarette located in the vehicle, as well as substantial amounts of other contraband located in false bottom soda cans (*see Shields v City of New York*, 141 AD3d 421, 422 [1st Dept 2016]; *Cheeks v City of New York*, 123 AD3d 532, 546 [1st Dept 2014]). Defendants' showing of probable cause defeats plaintiffs' claims of false arrest, false imprisonment, and malicious prosecution (*see Martinez v City of Schenectady*, 97 NY2d 78 [2001]; *Singer v Fulton County Sheriff*, 63 F3d 110, 118 [2d Cir 1995], *cert denied* 517 US 1189 [1996]), as well as the claims alleging assault and battery relating to the handcuffing of plaintiffs (*see Ostrander v State of New York*, 289 AD2d 463 [2d Dept 2001]).

The motion court also properly dismissed plaintiffs' claims pursuant to 42 USC § 1983. Plaintiffs' allegations of individual participation in every action attributed to the group do not "allege particular facts indicating that each of the individual defendants [were] personally involved in the deprivation of . . . plaintiffs' constitutional rights" (*Shelton v New York State Liq. Auth.*, 61 AD3d 1145, 1148 [3d Dept 2009] [internal quotation marks, emphasis and brackets omitted]). In particular, plaintiffs' allegations of joint and several liability are legally insufficient, as there is no vicarious liability between individual police officers in a section 1983 claim (*see Smith v Michigan*, 256 F Supp 2d 704, 712 [ED Mich 2003]; *see also Higgins v City of New York*, 144 AD3d 511, 515 [1st Dept 2016]). Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.