Rogers v City of New York (2019 NY Slip Op 02479)





Rogers v City of New York


2019 NY Slip Op 02479


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


8876 306807/13

[*1]Orville Rogers, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Sim & Record, LLP, Bayside (Sang J. Sim of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about February 14, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The false arrest and imprisonment claims were correctly dismissed because the police had probable cause to arrest plaintiff for constructive possession of illegal drugs (see De Lourdes Torres v Jones, 26 NY3d 742, 759 [2016]; Marrero v City of New York, 33 AD3d 556, 557 [1st Dept 2006]; Weyant v Okst, 101 F3d 845, 852 [2d Cir 1996]). The police entered an apartment at which plaintiff was a frequent overnight guest pursuant to a valid search warrant based on three confirmed drug buys from the apartment by a reliable informant. Plaintiff was inside the apartment at the time of the search, asleep in his pajamas. The police recovered multiple items of contraband during the search, including a glass pipe containing crack cocaine residue, which was discovered in the room in which plaintiff was sleeping, within his "lungeable" area, i.e., "next to him." In addition, the evidence showed that plaintiff was more than merely present at the apartment when the police arrived, as he had stayed there "on and off" for five or six years, for days or a week at a time, stored clothing there, and used the apartment as his official and mailing address (see Walker v City of New York, 148 AD3d 469 [1st Dept 2017]; People v Shoga, 89 AD3d 1225, 1227 [3d Dept 2011], lv denied 18 NY3d 886 [2012]; Lawson v City of New York, 83 AD3d 609 [1st Dept 2011], lv dismissed 19 NY3d 952 [2012]). The minor inconsistencies in the record regarding the precise location of the pipe within the room are immaterial. Contrary to plaintiff's contention, there is no separate "plain view" requirement for constructive possession.
The malicious prosecution claim was correctly dismissed because there is no evidence in the record from which a fact-finder could reasonably infer that the probable cause at the time of plaintiff's arrest had dissipated by the time of his arraignment (see Brown v City of New York, 60 NY2d 893, 894-895 [1983]; Thomas v City of New York, 562 Fed Appx 58, 60 [2d Cir 2014]; Lowth v Town of Cheektowaga, 82 F3d 563, 571 [2d Cir 1996]). There is also no evidence of actual malice (see De Lourdes, 26 NY3d at 760-61).
The excessive force, assault, and battery claims were correctly dismissed because the act of handcuffing plaintiff in connection with the execution of a valid search warrant and pursuant to a lawful arrest was objectively reasonable (see Fowler v City of New York, 156 AD3d 512, 513 [1st Dept 2017], lv dismissed 31 NY3d 1042 [2018]; Harris v City of New York, 153 AD3d 1333, 1335 [2d Dept 2017]; Akande v City of New York, 275 AD2d 671, 672 [1st Dept 2000]).
In view of the foregoing, we do not the reach the issue of qualified immunity for the individual police officers.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK