Beauvoir v City of New York (2019 NY Slip Op 07149)





Beauvoir v City of New York


2019 NY Slip Op 07149


Decided on October 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


9994 305806/14

[*1]Daniel Beauvoir, et al., Plaintiffs-Appellants-Respondents,
v
The City of New York, et al., Defendants-Respondents-Appellants.


Sim & Record, LLP, Bayside (Sang J. Sim of counsel), for appellants-respondents.
Zachary W. Carter, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about June 21, 2018, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiffs' federal and rights claim based on an illegal strip search, and granted defendants' motion for summary judgment dismissing plaintiffs' state law claims and the remainder of plaintiffs' federal civil rights claims, unanimously affirmed, without costs.
The court properly dismissed all of plaintiffs' state law claims based on their failure to file timely notices of claim, except as to plaintiff Green's malicious prosecution claim (see General Municipal Law §§ 50-e, 5-I). In any event, the one-year-and-90-day statute of limitations is a bar to all the state claims, including plaintiff Green's malicious prosecution claim and we lack any discretion to allow expired claims to proceed thereafter (see Pierson v City of New York, 56 NY2d 950, 954-955 [1982] ["To permit a court to grant an extension after the Statute of Limitations has run would, in practical effect, allow the court to grant an extension which exceeds the Statute of Limitations, thus rendering meaningless that portion of section 50-e"]; Galloway v NYC Police Department, 7 AD3d 444, 445 [1st Dept 2004] [section 50-i statute of limitations requirement is strictly construed]).
Defendants met their prima facie burden by submitting evidence of a presumptively valid warrant for a no-knock search of plaintiffs' residential apartment, founded upon a police investigation of a 911 complaint regarding drugs sold from the premises, coupled with two follow-up controlled buys of marijuana at the subject apartment using a known, reliable confidential informant as the purchaser. Upon executing the warrant, the police found marijuana, crack and drug paraphernalia in the son's bedroom to which the plaintiffs' held access keys, and there was also mail addressed to plaintiff Green in the bedroom. Based on such evidence, the officers had probable cause to arrest plaintiffs for constructive possession of the drugs and contraband seized, given plaintiffs' dominion and control over the apartment, which was leased in their names (see Phin v City of New York, 157 AD3d 553, 553-554 [1st Dept 2018]). Such evidence affords a complete defense to the federal claims based on false arrest, false imprisonment, and malicious prosecution (see Savane v District Attorney of N.Y. County, 148 AD3d 591 [1st Dept 2017] [where similar claims should have been dismissed against the ADA as there was probable cause for the arrest]; Garcia v City of New York, 115 AD3d 447 [1st Dept 2014], appeal dismissed 24 NY3d 1081 [2014]). Plaintiffs also failed to raise an issue of fact as to use of excessive force or injury (see Davidson v City of New York, 155 AD3d 544 [1st Dept 2017]).
As to plaintiff Beauvoir's federal claim based on his testimony that he was subjected to a visual cavity search at the precinct following his arrest on misdemeanor charges, such claims, while not formally pled, may be entertained as they were raised before the motion court, addressed, and as such, this Court may nostra sponte conform the pleadings to the proof (see [*2]CPLR 3025[c]; O'Neill v New York Univ., 97 AD3d 199, 209 [1st Dept 2012]). The motion court properly found issues of fact as to whether the search occurred and the identity of the officers involved, as well as the reasons underlying the search, including whether the officers involved had reasonable suspicion to believe that plaintiff Beauvoir was secreting contraband. Thus, both defendants' cross motion for dismissal of this claim and plaintiff's motion for summary judgment on the claim were properly denied (see People v Hall, 10 NY3d 303 [2008], cert denied 555 US 938 [2008] [the "reasonableness" of the search conducted in light of the facts presented is the "touchstone" for purposes of claims brought under the fourth amendment]; Shields v City of New York, 141 AD3d 421, 422 [1st Dept 2016] [strip search of arrestee charged with minor offense violates fourth amendment without proof of reasonable suspicion that he is concealing weapons or contraband]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 3, 2019
CLERK