Jackson v City of New York (2020 NY Slip Op 03068)





Jackson v City of New York


2020 NY Slip Op 03068


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Friedman, J.P., Gische, Webber, Gesmer, Oing, JJ.


11562 306203/14

[*1]William Jackson, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Sim & DePaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Claibourne Henry of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about April 19, 2019, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established prima facie entitlement to judgment as a matter of law by submitting evidence that the officers had probable cause to arrest plaintiff on a theory of constructive possession. This evidence demonstrates a complete defense to plaintiff's claims of false arrest, false imprisonment and malicious prosecution (see Hunter v City of New York, 169 AD3d 603 [1st Dept 2019]).
In opposition, plaintiff failed to raise an issue of fact with respect to his constructive possession of the contraband. The evidence showed that plaintiff provided police with the address of the subject premises and admitted to renting a room in the apartment for five months prior to the date of the execution of the search warrant and his arrest. Plaintiff was found in the apartment in a state of undress, and the contraband which was the basis for plaintiff's arrest was recovered in plain view in the living room (see Walker v City of New York, 148 AD3d 469, 470 [1st Dept 2017]; Mendoza v City of New York, 90 AD3d 453 [1st Dept 2011]).
Plaintiff's assault and battery and excessive force claims were properly dismissed since the police were authorized to use reasonable force, including handcuffing plaintiff during the arrest (see Fowler v City of New York, 156 AD3d 512, 513 [1st Dept 2017], lv dismissed 31 NY3d 1042 [2018]). Furthermore, plaintiff failed to make a showing that he suffered injuries from the alleged strip-search conducted by unidentified officers at the precinct (see Davidson v City of New York, 155 AD3d 544 [1st Dept 2017]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK