Mackenzie v Victor (2021 NY Slip Op 06958)





Mackenzie v Victor


2021 NY Slip Op 06958


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Gische, J.P., Webber, Oing, Singh, Higgitt, JJ. 


Index No. 150343/14 Appeal No. 14855 Case No. 2021-00882 

[*1]Lionel Mackenzie, Plaintiff-Appellant,
v
Erminda Victor, et al., Defendants, The City of New York, et al., Defendants-Respondents.


Fedrizzi & Associates, P.C., Tuckahoe (Linda F. Fedrizzi of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondents.



Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered September 16, 2020, which granted defendants City of New York, New York City Police Department, Carl Faulcon, and Marc Gard's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The record, in the form of the arresting police officers' report, establishes that defendant Erminda Victor, identified as the complainant, observed plaintiff engage in conduct constituting the crime of public lewdness (see Penal Law § 245.00[a]). The officers identified defendant ErnestLemos as a witness to the offending conduct, which he claimed to have videotaped on his phone. These facts provided the officers with probable cause to arrest plaintiff (see McFall v City of New York, 188 AD3d 496, 496 [1st Dept 2020]; People v Nichols, 156 AD2d 129, 130 [1st Dept 1989], lv denied 76 NY2d 740 [1990]). The existence of probable cause provides a complete defense to the claims of false arrest and imprisonment under New York and Federal law (see Garcia v City of New York, 115 AD3d 447 [1st Dept 2014], appeal withdrawn and discontinued 24 NY3d 1081 [2014]; Brown v City of New York, 289 AD2d 95 [1st Dept 2001]). Plaintiff failed to raise any issue of fact negating probable cause at the time of his arrest.
As to malicious prosecution, while the prosecution later dismissed the case because it ultimately determined that it could not prove the charges beyond a reasonable doubt, there is no evidence that the gap in the People's proof came to light before the commencement of the criminal proceedings. To the contrary, the People moved to dismiss the case a full year after defendant's arraignment on the charges. Under the circumstances, the existence of probable cause also vitiates plaintiff's claim for malicious prosecution under New York and Federal law (see Roberts v City of New York, 171 AD3d 139, 148 [1st Dept 2019], affd 34 NY3d 991 [2019]).
The excessive force claim must also be dismissed. Plaintiff does not allege that any of the officers used excessive force against him (see Jackson v City of New York, 183 AD3d 530, 531 [1st Dept 2020]). Rather, plaintiff argues that the police may be held liable for the injuries he suffered at the hands of others because the police deliberately delayed their response to the incident when they learned that an alleged sex offender was being beaten, in order to punish the alleged sex offender (see Pena v Deprisco, 432 F3d 98, 111 [2d Cir 2005]). However, there is no evidence that the police deliberately delayed their response, that their response was in fact delayed or that they were even aware that plaintiff was allegedly being assaulted.
Plaintiff also claims that the City was negligent in training its officers, in that they were negligently slow to respond, and they mishandled the investigation by, among other things, failing to secure the video of the incident or ascertain that there was in fact a video. As indicated[*2], there is no evidence that there was a delayed response to the incident. Nor is there any evidence of an official policy of delaying responses to certain incidents. To the extent plaintiff could otherwise state a claim against the municipality under 42 USC § 1983, the absence of any evidence of such a municipal policy would be fatal (see Monell v Department of Social Servs. of the City of New York, 436 US 658, 692 [1978]).
Nor does plaintiff colorably assert that any failure on the City's part to train or supervise the police officers was tantamount to an official policy or custom (see 315-321 Realty Co. Assoc., LLC v City of New York, 33 AD3d 509 [1st Dept 2006]). Plaintiff points only to this single incident of an allegedly unduly slow response and negligent investigation, which by itself cannot establish the existence of a policy or custom for section 1983 purposes (see Dillon v Perales, 181 AD2d 619 [1st Dept 1992], appeal dismissed 80 NY2d 892, 80 NY2d 919 [1992]). Where the evidence establishes only a single incident of arguable negligence and the officers were acting within the scope of their employment during the incident, the claim of negligent hiring, training and supervision "collapse[s] into respondeat superior liability" (Amnesty Am. v Town of W. Hartford, 361 F3d 113, 130 [2d Cir 2004]) and fails (see Leftenant v City of New York, 70 AD3d 596 [1st Dept 2010]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021