Pagan v City of New York (2022 NY Slip Op 00974)





Pagan v City of New York


2022 NY Slip Op 00974


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kapnick, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 


Index No. 304370/15 Appeal No. 15298 Case No. 2019-03989 

[*1]Jorge Pagan et al., Plaintiffs-Appellants,
v
The City of New York, et al., Defendants-Respondents.


Sim & Depaola, LLP, Bayside (Sang J. Sim of counsel), for appellants.
Georgia M. Pestana, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about September 12, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Supreme Court correctly dismissed the causes of action for false arrest and false imprisonment, as defendants established prima facie that police had probable cause to arrest plaintiffs (see De Lourdes Torres v Jones, 26 NY3d 742, 759 [2016]; Davis v City of New York, 160 AD3d 604, 605 [1st Dept 2018], lv denied 32 NY3d 903 [2018]; Fowler v City of New York, 156 AD3d 512, 513 [1st Dept 2017], lv dismissed 32 NY3d 1042 [2018]). An eyewitness told a 911 operator that she had seen two men trying to break into a white vehicle near her apartment, and that a car was double parked next to the white vehicle. Police officers testified that when they arrived on the scene, plaintiffs' vehicle was double-parked near a white vehicle, which bore dents and scratches near the lock on the trunk, and that both the white vehicle and plaintiffs' vehicle were in the location that the eyewitness specified on the 911 call. The officers also testified that there were screwdrivers in plaintiffs' vehicle. These facts, taken together, were sufficient to lead a reasonably prudent person to believe a crime had been committed, thus establishing probable cause (see Colon v New York, 60 NY2d 78, 82 [1983]; Marrero v City of New York, 33 AD3d 556, 557 [1st Dept 2006]). Furthermore, Supreme Court correctly dismissed the causes of action for malicious prosecution because plaintiffs failed to allege the necessary element of actual malice by defendants (see De Lourdes Torres, 26 NY2d at 760; Burgos-Lugo v City of New York, 146 AD3d 660, 662 [1st Dept 2017]).
The causes of action alleging assault and battery and excessive force, both of which were based on the act of handcuffing plaintiffs during their arrest, were also correctly dismissed. The record presented no issues of fact as to whether the arrest was supported by probable cause, thus requiring summary dismissal of the causes of action for assault and battery (see Fowler, 156 AD3d at 513). Likewise, the cause of action alleging excessive force was based on the same lawful arrest, and was unsupported by any evidence of injury (see Burgos-Lugo, 146 AD3d at 662).
We have considered plaintiffs' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022