| **Watkins v City of New York** |
| :---: |
| 2024 NY Slip Op 34258(U) |
| December 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159533/2015 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**                    PART                    **05M**

_Justice_

-----------------------------------------------------------------------X

DIANE WATKINS,                                        INDEX NO.            159533/2015

                                                     MOTION DATE         03/29/2024
Plaintiff,

                                                     MOTION SEQ. NO.         005
- v -

CITY OF NEW YORK, YASSER FERNANDEZ, JOHN DOE,        **DECISION + ORDER ON**
STATE OF NEW YORK                                            **MOTION**

Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 109, 110

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, Defendant the City of New York (the "City") moves without opposition pursuant to CPLR § 3212 to dismiss the federal law claims interposed by Plaintiff Diane Watkins ("Plaintiff"), for summary judgment on Plaintiff's state law malicious prosecution claim, and to dismiss Plaintiff's complaint in its entirety as against Police Officers John Doe 1-3. For the reasons stated herein, the City's motion is granted.

## BACKGROUND

On May 31, 2014, Plaintiff was in Battery Park supervising a school trip to the Statue of Liberty (NYSCEF Doc No. 86, statement of material facts ¶ 1). As part of the ferry boarding process, Plaintiff went through a security checkpoint and put her bag on the conveyor belt to be scanned (_id_. ¶ 2). Upon going through the security scanner, a United States Park Police Officer discovered a loaded firearm in the bag and began questioning the students on whether the bag was theirs (_id_. ¶ 3). Plaintiff identified the bag and the loaded firearm as hers (_id_. ¶ 4). Plaintiff advised the Officer that she had a permit for the firearm and was then brought by the United States Park Police into a separate room (_id_. ¶ 5). United States Park Police Officers reviewed Plaintiff's New York State gun permit and determined that it did not qualify her to carry the firearm in New York City (_id_. ¶ 6). Plaintiff's gun permit was issued by Monroe County and specifically states that the license is "[n]ot valid to carry a weapon in New York City unless approved by the Police Commissioner of that City" (_id_. ¶ 7). Plaintiff did not have permission from the New York City Police Commissioner to carry the loaded firearm on the date of the incident (_id_. ¶ 8).

Plaintiff was eventually transported to the New York City Police Department ("NYPD") 1st Precinct where United States Park Police processed her arrest paperwork and placed her under arrest for violating New York Penal Laws § 265.03 Criminal Possession of a Weapon in the Second Degree (_id_. ¶¶ 10, 13). The arresting officer, Yasser Fernandez ("Officer Fernandez"), is a United

**159533/2015   WATKINS, DIANE vs. CITY OF NEW YORK**                              **Page 1 of 6**
**Motion No.  005**

1 of 6

[* 1]

States Park Police Officer, who is not employed by the NYPD or the City (*id*. ¶ 12; NYSCEF Doc No. 100).[1] A second United States Park Police Officer, Chris Kyriakou ("Officer Kyriakou"), acted as approving supervisor for the arrest (NYSCEF Doc No. 86, statement of material facts ¶ 12; NYSCEF Doc No. 100). Officer Kyriakou is not employed by the NYPD or the City (NYSCEF Doc No. 86, statement of material facts ¶ 12; NYSCEF Doc No. 100). NYPD Officer Maxwell Outsen entered the arrest report and Sergeant Steven Schilling ("Sergeant Schilling") vouchered Plaintiff's firearm (NYSCEF Doc No. 100; NYSCEF Doc No. 98, Schilling deposition tr at 22, 26, 33). Plaintiff was then arraigned on one charge of Criminal Possession of Weapon in the Second Degree pursuant to Penal Law § 265.03(3) (NYSCEF Doc No. 102, criminal complaint). The criminal complaint contains a sworn statement by Officer Fernandez (NYSCEF Doc No. 86, statement of material facts ¶ 14; NYSCEF Doc No. 102). On June 1, 2014, Plaintiff was released from custody (NYSCEF Doc No. 86, statement of material facts ¶ 16). All charges against Plaintiff were dismissed on September 19, 2014 (*id*. ¶ 17).

Plaintiff commenced this action on September 16, 2015, and filed an amended complaint on January 1, 2016 (NYSCEF Doc Nos. 1-2). The amended complaint interposes causes of action for (i) violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988 against Officer Fernandez and John Doe 1-3, (ii) false arrest or imprisonment against Officer Fernandez and John Doe 1-3, (iii) malicious prosecution against all defendants; and (iv) *Monell* (NYSCEF Doc No. 2). Issue was joined on January 26, 2016 when the City served an answer to the amended complaint (NYSCEF Doc No. 92).

On February 22, 2016, the State of New York (the "State") moved to dismiss Plaintiff's complaint as against it, which was granted on November 29, 2016 (NYSCEF Doc No. 4; NYSCEF Doc No. 15, decision and order, J. Kotler). On October 30, 2017, the City moved to dismiss Plaintiff's state law claims, with the exception of malicious prosecution, and Plaintiff's federal claims, including violations of the Fourth and Fourteenth Amendments, false arrest, false imprisonment, malicious prosecution, and excessive force, pursuant to 42 U.S.C. § 1983, and Plaintiff's *Monell* claim (NYSCEF Doc No. 17). The City moved, in the alternative, to dismiss Plaintiff's complaint for failure to comply with discovery demands (*id*.). On April 27, 2018, the portion of the City's motion addressed to discovery was denied, and Plaintiff was ordered to provide the requested discovery responses (NYSCEF Doc No. 31, decision and order J. Saunders). Thereafter, the City moved to reargue the balance of the motion to dismiss the complaint pursuant to CPLR § 3211(a)(7) (NYSCEF Doc No. 33, notice of motion). By order dated March 26, 2019, the motion to reargue was granted, and upon reargument, all of Plaintiff's state law claims, except the cause of action for malicious prosecution, and Plaintiff's federal law claims sounding in *Monell* were dismissed (NYSCEF Doc No. 48, decision and order J. Saunders).

The parties thereafter engaged in discovery, and Plaintiff was deposed on June 5, 2023 (NYSCEF Do No. 97). On June 22, 2023, Sergeant Schilling testified on behalf of the City (NYSCEF Doc No. 98). On January 30, 2024, Plaintiff filed the note of issue (NYSCEF Doc No. 84). The City timely filed the instant motion on March 29, 2024 (NYSCEF Doc No. 85). By

---

[1] The United States Park Police functions as a unit of the National Park Service, an agency of the United States Federal Government, within the Department of the Interior (United States Parks Police, https://www.nps.gov/subjects/uspp/index.htm [last accessed November 18, 2024]).

**159533/2015  WATKINS, DIANE vs. CITY OF NEW YORK**
**Motion No.  005**

**Page 2 of 6**

2 of 6

stipulation dated April 19, 2024, the parties adjourned the motion return date to June 3, 2024, with opposition and reply due May 20, 2024 and June 3, 2024, respectively. (NYSCEF Doc No. 108). On August 19, 2024, Plaintiff's Counsel requested additional time to oppose the City's motion (NYSCEF Doc No. 109). The court granted the request and adjourned the motion until September 16, 2024, with opposition due September 9, 2024 (NYSCEF Doc No. 110). Despite the extension, no opposition was filed, and the motion was marked fully submitted on September 16, 2024.

The City argues that Plaintiff's causes of action brought pursuant to federal law, including false arrest, false imprisonment, malicious prosecution, and excessive force must be dismissed because Plaintiff has not named any individual officer employed by the City and the statute of limitations on these claims has expired (NYSCEF Doc No. 87, Pepe affirmation ¶ 33). The City also argues that it is entitled to summary judgment on the state law claim of malicious prosecution because the City did not initiate a criminal proceeding against Plaintiff, there was probable cause to prosecute Plaintiff for Criminal Possession of a Weapon in the Second Degree, and there was no malice (*id*. ¶¶ 35-55). Finally, the City argues that Plaintiff's complaint should be dismissed in its entirety against the John Doe Defendants because Plaintiff abandoned the complaint under CPLR § 3215(c) and the complaint fails to describe any individual defendant such that the individual would understand that they are the intended defendant (*id*. ¶¶ 56-58). In support of its motion, the City submits uncontroverted evidence including pleadings, testimony, Plaintiff's arrest and complaint report, Plaintiff's New York State gun permit, Plaintiff's criminal court complaint, Plaintiff's incarceration record, and a certificate of disposition.

## DISCUSSION

Pursuant to CPLR § 3212(b), a motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the [c]ourt as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). "The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law" (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). To be a "material issue of fact" it "must be genuine, bona fide and substantial to require a trial" (*Leumi Financial Corp. v Richter*, 24 AD2d 855 [1st Dept 1965]). The movant's burden is "heavy," and "on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013] [internal quotation marks and citation omitted]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*Ruiz v Griffin*, 71 AD3d 1112, 1115 [2d Dept 2010] [internal quotation marks and citation omitted]).

At the outset, the City moves to dismiss the complaint as against the John Doe Defendants. Plaintiff has not moved to amend her summons and complaint to name any of the John Doe Defendants, and they have not been described in such a way that would fairly apprise them of the litigation (*Markov v Stack's LLC [Delaware]*, 161 AD3d 453, 453 [1st Dept 2018]). Aside from alleging that the John Doe Defendants "were employed as law enforcement officers by Defendant City" the amended complaint offers no description of the individual(s) involved (NYSCEF Doc No. 91). As such, the summons and complaint are jurisdictionally defective (*Seeler v AMA*

159533/2015   WATKINS, DIANE vs. CITY OF NEW YORK
Motion No.  005

Page 3 of 6

*Consulting Engineers, P.C.*, 190 AD3d 508, 508 [1st Dept 2021] ["As this description failed to apprise AMADI that it was an intended defendant, the summons and complaint are jurisdictionally defective"]). Further, while CPLR § 1024 allows a plaintiff to commence an action against an unknown party, the plaintiff must "designat[e] so much of his name and identity as is known," and "demonstrate he or she made a genuine effort to ascertain, in a timely manner, the identity of the defendants prior to expiration of the statute of limitations" (CPLR § 1024; *Opiela v May Indus. Corp.*, 10 AD3d 340, 341 [1st Dept 2004]). Here, there is no evidence that Plaintiff made a genuine effort to ascertain the identity of the defendant(s) prior to the expiration of the statute of limitations, and the statute of limitations has run on all of her claims against the John Doe Defendants.[2] Accordingly, the complaint is dismissed in its entirety as to the John Doe Defendants.

Plaintiff's remaining causes of action also fail. Under 42 U.S.C. 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured" (42 USC § 1983). Individuals may be liable under 42 U.S.C. § 1983 for their own actions, but local governments are only responsible for "their *own* illegal acts" (*Connick v Thompson*, 563 US 51, 60 [2011]; *see Fowler v City of New York*, 156 AD3d 512, 513 [1st Dept 2017] ["Dismissal was warranted where plaintiffs [. . .] do not 'allege particular facts indicating that each of the individual defendants [were] personally involved in the deprivation of [. . .] plaintiffs' constitutional rights'"]). Thus, liability may only be imposed on the City for its own alleged violations of a plaintiff's constitutional rights by establishing a direct causal link between a municipal policy or custom and the alleged constitutional deprivation" (*Holland v City of Poughkeepsie,* 90 AD3d 841, 847 [2d Dept 2011], citing *Canton v Harris*, 489 US 378, 385 [1989]; *Connick*, 563 US 51 [2011]; *Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]). Below the policy making level, a municipality may not be held liable under 42 U.S.C. § 1983 for unconstitutional actions by its employees on the basis of *respondeat superior* (*DeCarlo v Fry*, 141 F3d 56, 61 [2d Cir 1998]). Plaintiff's *Monell* claims were dismissed by Judge Saunders on March 26, 2019 (NYSCEF Doc No. 48). Thus, without *Monell*, and with no ability to reach the City through *respondeat superior*, Plaintiff's federal causes of action against the City cannot stand.

Furthermore, Plaintiff's causes of action for false arrest and malicious prosecution fail because Plaintiff was not arrested by a City employee and the arrest was supported by probable cause. To prevail on a cause of action for false arrest or imprisonment, the plaintiff must demonstrate (1) that the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not privileged" (*De Lourdes Torres v Jones*, 26 NY3d 742, 759 [2016]).[3] "For purposes of the privilege element of a false arrest and imprisonment claim, an act of confinement is privileged if it stems from a lawful arrest supported by probable cause" (*De Lourdes Torres*, 26 NY3d at 759 [citations omitted]; *see Gann v City of New York*, 197 AD3d 1035, 1035 [1st Dept 2021]["showing

---

[2] The statute of limitations for Plaintiff's federal false arrest and false imprisonment claims expired on June 1, 2017, federal excessive force claim expired on May 31, 2017, federal malicious prosecution claim expired on September 19, 2017, and the state malicious prosecution claim expired on December 13, 2015.

[3] In New York, the tort of false arrest is synonymous with that of false imprisonment," and therefore require the same analysis (*Posr v Doherty*, 944 F2d 91, 96 [2d Cir 1991]; *see also Crooks v City of New York*, 189 AD3d 771, 771 [2d Dept 2020]). The elements of false arrest are "substantially the same" under state and federal law and require the same analysis (*Crooks*, 189 AD3d at 771).

**159533/2015   WATKINS, DIANE vs. CITY OF NEW YORK**                    **Page 4 of 6**
**Motion No.  005**

4 of 6

[* 4]

of probable cause to arrest is a complete defense to an unlawful arrest and imprisonment claim"]). "Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*Colon v City of New York*, 60 NY2d 78, 82 [1983]; *Atwater v City of Lago Vista*, 532 US 318, 354 [2001]["If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender"]). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed by the suspected individual, and probable cause must be judged under the totality of the circumstances" (*De Lourdes Torres*, 26 NY3d at 759).

Like false arrest, the elements and analysis of malicious prosecution are substantially the same under state and federal law (*Crooks*, 189 AD3d at 771, *supra*). To prevail on a cause of action for malicious prosecution, a plaintiff must establish (1) that a criminal proceeding as initiated against them, (2) it terminated favorably to plaintiff, (3) lacked probable cause, and (4) was brought out of actual malice (*Morant v City of New York*, 95 AD 3d 612 [1st Dept 2012], *quoting Colon*, 60 NY2d at 82; *Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]). A showing of probable cause "is also a complete defense to a claim for malicious prosecution where no subsequent exculpatory facts are discovered" (*Gann v City of New York*, 197 AD3d 1035, 1036 [1st Dept 2021]; *Flavin v City of New York*, 171 AD3d 633, 634 [1st Dept 2019] ["The court properly dismissed the malicious prosecution claim, as there was probable cause for the arrest and the absence of evidence that such probable cause dissipated between the arrest and commencement of criminal proceedings"]).

To the extent that Plaintiff interposes the cause of action for false arrest against the City, the cause of action is facially deficient because Plaintiff was not arrested by a City employee (*see* NYSCEF Doc No. 97, Plaintiff deposition tr at 18; NYSCEF Doc No. 98, Schilling deposition tr at 19, 22; NYSCEF Doc No. 100). Sergeant Schilling testified that Plaintiff "was brought to the precinct by Parks police [. . .] [s]he was placed under arrest by Parks Police and she was processed in the First Precinct" (NYSCEF Doc No. 98, Schilling deposition tr. at 19). The arrest report proffered by the City lists "Yasser Fernandez" as the arresting officer, "Eric Johansen" of "USPP" as the assigned officer, and "Chris Kyriakou" as the supervisor approving (NYSCEF Doc No. 100). When Plaintiff arrived at the 1st Precinct, the NYPD processed her firearm and entered the arrest report (NYSCEF Doc No. 98, Schilling deposition tr. at 22, 26; NYSCEF Doc No. 100). Officer Fernandez, the only individual named in this action, is a United States Park Police Officer, who is not employed by the NYPD or the City. The cause of action for false arrest therefore fails as against the City.

Moreover, the uncontroverted evidence that Plaintiff was in possession of a loaded firearm in New York City without permission from the New York City Police Commissioner constitutes probable cause for the arrest by United States Park Police (NYSCEF Doc No. 97, Plaintiff deposition tr at 15, 16, 17, 28). Under New York law, "[a] person is guilty of criminal possession of a weapon in the second degree when . . . such person possesses any loaded firearm" (Penal Law § 265.03[3]). The United States Park Police observed a firearm in a bag, Plaintiff claimed the bag and the firearm as hers, and Plaintiff did not obtain prior approval to possess the firearm in New York City (NYSCEF Doc No. 97, Plaintiff deposition tr at 15, 16, 17, 28; Penal Law § 265.03[3]).

**159533/2015   WATKINS, DIANE vs. CITY OF NEW YORK**
**Motion No.  005**

**Page 5 of 6**

5 of 6

[* 5]

As such, the arrest and subsequent prosecution were privileged. Plaintiff also has made no showing of actual malice in connection Plaintiff's prosecution (*see Martinez*, 97 NY2d at 84). Therefore, Plaintiff's causes of action for false arrest and imprisonment and malicious prosecution are dismissed.

To the extent that Plaintiff asserts a cause of action for excessive force, the claim fails because Plaintiff does not allege an unreasonable or excessive use of force. Under both state and federal law, "claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness" (*Holland*, 90 AD3d at 844; see also *Lennox v Miller*, 968 F3d 150 [2d Cir 2020]). Where an arrest is supported by probable cause, a *de minimis use* of force will rarely suffice to state a constitutional claim (*Hudson v McMillian*, 503 US 1, 9 [1992]), and a claim of excessive force is correctly dismissed where it is unsupported by evidence of injury (*Davidson v City of New York*, 155 AD3d 544, 544 [1st Dept 2017]["The claim of excessive force was correctly dismissed since plaintiff testified that the handcuffs were too tight, but [] did not testify, or submit other evidence, that he sustained physical injury as a result"], citing *Burgos-Lugo v City of New York*, 146 AD3d 660, 662 [1st Dept 2017]). Here, Plaintiff alleges only that she was handcuffed, and makes no factual allegations to support a finding that the handcuffing was excessive or resulted in injury (NYSCEF Doc No. 2, amended complaint ¶¶ 15, 23). This is insufficient to support a cause of action for excessive force (*see Burgos-Lugo*, 146 AD3d at 662 ["although [plaintiff] complained that his handcuffs were too tight, there is no evidence of injury"]). Plaintiff's allegation that she "suffered a miscarriage due to the stress of the incident and while incarcerated at Riker's Island" (NYSCEF Doc No. 2, amended complaint ¶¶ 16, 16, 21) is not sufficient to plead a cause of action for excessive force where force is not alleged. As such, the excessive force claim is dismissed.

Finally, because the Plaintiff's complaint fails to adequately plead any cause of action, and it appears that neither Officer Fernandez nor his employer was served with process, the complaint is also dismissed as to Officer Fernandez (*see* CPLR §§ 306-b, 1001[a]).

Accordingly, it is

ORDERED that Defendant the City of New York's motion for summary judgment is granted and the complaint is dismissed with costs and disbursements to defendant as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

ORDERED that the complaint is dismissed in its entirety as against Defendant Officer Yasser Fernandez;

ORDERED that the Clerk is directed to enter judgment accordingly.

| | |
|---|---|
| **12/3/2024** | |
| **DATE** | **HASA A. KINGO, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |

**159533/2015   WATKINS, DIANE vs. CITY OF NEW YORK**
**Motion No.  005**

**Page 6 of 6**

6 of 6

[* 6]